UTICA,
July, 1836.

Parsons
v.
Miller.

PARSONS *vs.* MILLER.

The inhabitants of *Easthampton* have no right to take *sea-weed* from *Fire Place Beach*, by virtue of any stipulation or condition contained in the deed executed in 1770 by the trustees of that town to Benjamin Leek.

Evidence of *usage* to control the effect or operation of a deed is not admissible when the words of the deed are not ambiguous or equivocal.

ERROR from the Suffolk common pleas. Parsons sued Miller in a justice's court in an action of *trespass* for taking and carrying away several loads of *sea-weed* from a place called *Fire Place Beach.* The defendant pleaded the *general issue*, and gave notice with his plea that on the trial he would prove that he was an inhabitant of *Easthampton*, and that under a *reservation* contained in a deed of the *Fire Place Beach*, granted by the trustees of Easthampton to Benjamin Leek, bearing date 25th March, 1770, the inhabitants of Easthampton had the right of carting sea-weed from the Fire Place Beach. The cause was tried by a jury. On the trial the plaintiff produced the deed to Benjamin Leek, containing a stipulation in these words: " the said Benjamin Leek shall allow all people to pass and repass, to fish, fowl and hunt, and to go to their meadows, and to do any business they shall have to do on said beach, as they used to do before this conveyance." The plaintiff also produced a deed from the heir at law of Benjamin Leek to him, bearing date 23d October, 1798, conveying the Fire Place Beach, and showed that he had been in possession of the premises since the date thereof. The defendant admitted that he had taken 20 or 30 loads of sea-weed which had been driven up the creek by the waves, and that its value was 50 cents per load. It was agreed between the parties that if the notice subjoined to the defendant's plea amounted to a *plea of title*, no question should be raised upon it, but that the cause should be tried on its merits. The defendant offered to prove that it was and had been the *usage* of the people of Easthampton to take and carry away sea-weed from the Fire Place Beach. The plaintiff objected to evidence of any such *usage* subsequent to the date of the

deed to Benjamin Leek. The justice sustained the objection, but ruled that evidence of usage previous to 1770 was admissible. Evidence was then given by two aged witnesses that previous to 1770, the inhabitants of Easthampton did gather sea-weed on the Fire Place Beach and carry it away, but sea-weed was not then much used or considered of much value, and owners of land allowed people to take it and welcome. It was proved that about two-thirds of the Fire Place Beach was formerly and is still used as a landing-place by the people of Easthampton. The jury found a verdict for the plaintiff, on which the justice rendered judgment. The common pleas of Suffolk on certiorari *reversed* the justice's judgment, and the plaintiff sued out a writ of error.

*S. B. Strong,* for plaintiff in error.

*S. S. Gardiner,* for defendant in error.

*By the Court,* SAVAGE, C. J. There was no contradictory evidence nor disputed fact before the justice ; nor any question of law but one, to wit, whether evidence of the *usage* of the people to cart sea-weed from Fire Place Beach was admissible as evidence of the construction of the reservation in the deed. The justice decided that point correctly. Deeds are to be expounded by their terms where there is no ambiguity, and neither parol evidence nor usage can be admitted to vary or contradict a written instrument. 3 *Johns. Cas.* 4. 5 *Wendell,* 547. In *Livingston* v. *Ten Broeck,* 16 *Johns. R.* 23, SPENCER, Justice, says if the words are equivocal, evidence of usage ought to be admitted as the best expositor of the intention of the parties ; but if the words of a deed are clear and precise, leaving no doubt of the intention of the parties, usage will not aid in the exposition, and ought not to be admitted. The cases cited by Mr. Justice Spencer show that the evidence is proper only in cases of ancient deeds, and where there is an uncertainty as to what was meant by the terms made use of by the parties.

There was another objection to the testimony, which was sufficient to exclude it : the object of the testimony was to

show an easement in the land of the plaintiff which is a title to lands, and is sufficient to oust the justice of his jurisdiction ; and both parties had agreed not to raise that question. Although both parties disclaimed trying the question of title before the justice, yet it is apparent that there is no other question in the case than the right of the people of Easthampton to take and carry away sea-weed from the landing in question. The plaintiff's deed was introduced to prove his possession, which possession was also proved by parol. The introduction of the deed was not objected to ; it conveys the premises upon which the trespass was committed ; and without discussing all the points raised by the plaintiff's counsel as to the validity of the reservation, and assuming that the reservation is to have the most liberal construction, what does it reserve ? and is there any ambiguity about it ? All people are to be allowed to pass and repass ; to fish, fowl and hunt, and go to their meadows ; thus far there is no pretence of a liberty to carry away sea-weed : they are also " to do any business they shall have occasion to do on said beach, as they used to do before this conveyance." Now suppose the fact proved that both before and since the conveyance people have been in the habit of carrying away sea-weed, and also of loading and unloading vessels at the landing,—would not any person say that by *doing business* was meant doing *lawful business*, to wit, the loading and unloading vessels, and not the committing of trespasses. It has been settled in the case of *Emans* v. *Turnbull*, 2 *Johns. R.* 322, that sea-weed thrown by the sea upon the beach, vests in the owner of the soil ; that the words egress and regress, fishing and fowling, gave no other rights than those expressed ; and that the plaintiff in that case had no more right to the sea-weed than he would have had to wood or grass, or any thing appurtenant to the ownership of the soil. Suppose in this case it had been proved that the people of Easthampton had always been in the habit of cutting wood from the hammock contained within the plaintiff's deed ; would that prove that the right was reserved by the reservation in the deed to carry away wood ? It would only prove what it proves in this case, that people had been in the

UTICA,
July, 1836.

Parsons
v.
Miller.

habit of committing trespasses. At an early day the sea-weed was not thought of any value, and people were permitted, as one of the witnesses says, to take it and welcome. So they might take wood in some places, probably, where it is considered of no value on account of its superabundance, and being an incumbrance on the land ; yet the taking it is no less a trespass, unless it is with the consent of the owner.

There is another view of this reservation which strikes me as having force. The reservation, or rather exception, if it is such, commences in this manner : " He, the aforesaid Benjamin Leek, his heirs and assigns, forever hereafter, *allowing* all people to pass and repass," &c. It seems to me this is not strictly a reservation or exception, but a condition subsequent, upon breach of which the title to the premises granted may be divested, by proper proceedings. The very term *allowing* presupposes the absence of a right to pass and repass, &c. without the permission of the grantee. It is only by considering this clause in the deed as a *condition,* that it can have any operation. *Covenants* in a deed are operative between the parties to it only. An exception or reservation is valid as to the parties to the deed. A stranger can take nothing under a deed *inter partes,* unless by way of remainder. 9 *Johns. R.* 74, 75. 10 *Wendell,* 91, 2, 3. If this clause in the deed conveys a right to all people to take sea-weed from the plaintiff's premises, then every person disturbed in the exercise of that right may maintain an action for such disturbance. Suppose the defendant had brought such an action, he must have attempted to sustain it by the very deed which was produced in evidence ; and then the objection would be insuperable, that he was not a party to the deed, nor privy, nor claimed by way of remainder. Even had the deed contained a provision in favor of the defendant that he should have a right to take sea-weed, such a clause would be void, he not being a party to the deed. 8 *Co.* 69.

The justice was right in excluding from the consideration of the jury this whole subject, which raises the question of title ; and then the case before him was a plain one of trespass, by the defendant, upon the plaintiff's premises. The

common pleas erred, and their judgment must be reversed. The consequence will be to affirm the judgment of the justice.