(Decided 18th June, 1890.)

---

## JOHN H. HERBERT *vs.* FERDINAND C. PUE.

*Construction of Deed—Reservation of Grave-yard—Pleading—Evidence.*

Where a deed reserves to two or more the right to use a grave-yard, one who has been interfered with, or obstructed, in the exercise of this right, may maintain an action for damages occasioned by such interference or obstruction, without joining with him others not affected thereby.

A deed reciting, that it was made "by A., for himself, and under and by virtue of a power of attorney duly executed, and acknowledged by T.," the granting clause of which "witnesseth that in consideration of  *  *  the said A. as attorney aforesaid of the said T. doth grant" the property described, is not a grant by A. in his own right, but only as attorney for T.

---

Herbert *vs.* Pue.

---

Where a deed executed by an attorney in fact, reserves to his descendants the use of a grave-yard for burial purposes, such reservation is void, and vests no interest in the son of such attorney in fact, he being a stranger to the deed.

In an action of trespass by a person claiming under a void reservation in a deed, such deed and other paper-writings offered for the purpose of showing title in the plaintiff, are inadmissible as not tending to support his claim.

APPEAL from the Circuit Court for Howard County.

The case is stated in the opinion of the Court. The verdict and judgment were in favor of the plaintiff for one cent damages and costs. The defendant appealed.

The cause was submitted to ALVEY, C. J., ROBINSON, IRVING, BRYAN, FOWLER, McSHERRY, and BRISCOE, J.

*James Mackubin,* for the appellant.

*William A. Hammond,* for the appellee.

IRVING, J., delivered the opinion of the Court.

The plaintiff in this case, who is now appellee, sued the appellant in trespass, alleging that, as a son of Arthur Pue, he was entitled, for himself and his descendants, by virtue of a certain deed from his father, Arthur Pue, to one James Mackubin, to the use of a certain grave-yard upon a farm known as "Gray Rock," for the customary uses of a grave-yard; and that two of the plaintiff's children rested there; and that the appellant had removed the fence around the grave-yard, and plowed the yard and sowed it in grass, and had removed beautiful shade trees, and obliterated and destroyed the yard as a place of sepulture. The declaration further averred that these acts were done, wilfully and maliciously, to force the plaintiff to remove the bodies of his children, and abandon the place as a grave-yard.

The defendant pleaded in abatement that if the plaintiff was entitled, as alleged, he was only entitled in common with others (who are described and named), and should have been joined as plaintiffs. To this plea a demurrer was sustained, and the appellant pleaded, and issue was joined.

At the trial but one exception was taken, and that was to certain evidence offered by the plaintiff to support the issue on his part. There are, therefore, but two questions for consideration: 1st, Whether the plea in abatement was properly overruled by sustaining a demurrer thereto, and 2nd, Whether the evidence excepted to was properly received.

1. If the reservation of right to use the grave-yard in question gave any right at all, it was a right of *several* use thereof by each and every of the descendants of Dr. Arthur Pue ; and the interference with or obstruction of that individual right (and which did not go to the entire and absolute destruction of the right) would subject the offender to a separate right of action on the part of each person who might be injured. A would have no right to complain or to join in suing for an injury to B, which in no manner affected or disturbed him. The plowing up and levelling with the ground the graves of the plaintiff's children, if unlawfully done, would certainly give him a right of action for damages, in which no one else who might have a like right of use of the grave-yard would have a right to share. We think the demurrer to the plea in abatement was properly sustained.

2. In admitting the evidence which was excepted to, we think the Court erred. The several paper-writings or deeds which were offered in evidence were as follows : 1, Power of attorney from Thomas B. D. Pue to his father, Dr. Arthur Pue, to sell and convey certain real estate, in fact, all Thomas B. D. Pue's property ; 2,

deed from Dr. Arthur Pue to James Mackubin ; 3, deed from James Mackubin to Charles W. Dorsey ; 4, lease from Charles W. Dorsey to James Mackubin of same property mentioned in the other deeds ; 5, a sub-lease from James Mackubin to Herbert, the defendant.

The deed from Dr. Pue to James Mackubin has the following premises :   "This deed, made this twenty-first day of May, one thousand eight hundred and fifty-nine, by Dr. Arthur Pue, for himself and under and by virtue of a power of attorney duly executed and acknowledged by Thomas B. D. Pue, and herewith recorded in Liber W. W. W. No. 19, one of the land record books of Howard County."   The granting clause is as follows: "Witnesseth, that in consideration of the sum of thirty-two thousand dollars, the said Arthur Pue, as attorney aforesaid of the said Thomas B. D. Pue, doth grant unto James Mackubin all that tract or parcel of land lying and being in Howard County, which Thomas B. Dorsey of Thomas, late of Anne Arundel County, deceased, by his last will and testament duly admitted to probate * * * * devised to the said Thomas B. D. Pue, and described as his dwelling plantation," &c.   Then follows a further description of the property, and at the end thereof is the following language :   "Reserving, however, for all of the descendants of the said Arthur Pue, the use of so much of said land as is now enclosed for a grave-yard for the customary uses and purposes of a grave-yard, but for no other uses or purposes whatsoever, with the privilege of necessary ingress, egress and regress thereto."   Dr. Pue, for himself and as attorney, warrants the property and covenants for further assurances, and signs the deed "Arthur Pue, for self and as attorney for Thomas B. D. Pue."

It is seen that, in the granting clause of the deed, Dr. Pue does not profess to grant any property belonging to him or in which any interest of his is mentioned and

Herbert *vs.* Pue.

declared. He only *grants, as attorney for his son, Thomas B. D. Pue,* a farm described as devised by Thomas B. Dorsey to Thomas B. D. Pue. If he had any interest of his own to convey, which might be inferred from the statement in the premises, and from the method of signing the deed, he did not include that interest in the granting clause of the deed. *If* an implication of such interest, undefined though it be, could be made so as to make that interest, whatever it might be, pass by estoppel to the grantee, and he could, therefore, be regarded as a grantor in his own right, still, the reservation attempted to be made in the deed to his descendants is ineffective and void so far as the appellee is concerned.

If the grave-yard had been excepted from the conveyance, it would not have passed to the grantee ; then if Arthur Pue had any descendible interest in the farm the plaintiff might have, as one of his heirs, an interest in the grave-yard to sustain trespass ; but it is not *excepted,* and only a *qualified use* thereof for *a specific purpose,* and *that only,* is reserved, and that is not reserved to the *grantor,* but to all the descendants of Arthur Pue.

Lord Coke, in his *Commentaries upon Littleton,* 47a, says : "Note a diversity between an exception (which is ever part of the thing granted, and of a thing *in esse*), and a reservation, which is always of a thing not *in esse,* but newly created or reserved out of the land or tenement demised." In this instance it is a reservation of a use of a grave-yard on the land granted. It is nothing but a reservation. In "*Sheppard's Touchstone,*" page 80, it is said that "a reservation is a clause in a deed whereby the feoffor, donor, grantor, lessor, &c., doth reserve *to himself* some new thing out of that which he granted." Then, after stating the difference between an exception and a reservation in the language of Coke, already cited, he adds : "*It must be to the grantor,* and *not to a stranger to the deed.*" The same

statements of the law respecting reservations in a deed is found in *4th Kent's Com.*, 127, and is announced in *Ives vs. Van Auken*, 34 *Barbour*, 566; and also in the case of *Young, Petitioner*, 11 *R. I.*, 636-7, *and* 3 *Wash. R. Prop.*, *star page* 640.

In *Schaidt vs. Blaul*, 66 *Md.*, 145, this Court, quoting from *Sheppard's Touchstone* and *Coke on Littleton*, lays down the same rules. Applying these tests to the reservation in question, it is very clear that the plaintiff takes nothing under it. Conceding him to be a descendant of Arthur Pue, as the plaintiff offered to prove that he was, he was a total stranger to the deed. If it be contended that Thomas B. D. Pue, who was granting the land by his father, Arthur Pue, *per* power of attorney, being a descendant of Arthur Pue, took title to the reservation under that description, as a grantor to whom the right was reserved, which we do not decide, for there is no occasion to decide it, that contention, if sustained, would not help the plaintiff; for he does not claim under Thomas B. D. Pue, but under his father, as one of his descendants. To our apprehension the papers offered in evidence, coupled with the proof tendered with them, did not tend to support the plaintiff's case. They were offered for the purpose of showing title, and the objection to them was made because they did not confer title upon Arthur Pue's descendants. It was that objection which the Court overruled. Looking to the statement of the bill of exceptions, we cannot regard them as offered for any other purpose. How or in what character the defendant was in possession was wholly immaterial. If he trespassed on the plaintiff's rights he would be answerable, whether the plaintiff showed him to be in possession in the exact right in which it was alleged or not. It is true that the sufficiency of the evidence does not arise on objection to its admissibility; but the Court has always to decide whether

it forms a link in the plaintiff's or defendant's claim—whether it tends to prove the issue. We think the evidence had no such tendency, and ought to have been excluded.

The judgment must accordingly be reversed.

*Judgment reversed, and*
*case not remanded.*

