## BRACE v. VAN EPS et al.

An estate cannot be created in a stranger to a deed by a reservation or mere recital therein.

Where plaintiff became the owner of all land to which a reservation of a right of way ever extended, and all of the property of which defendants were owners fronted on a public street, defendants, who were strangers to the deeds creating such easement, were not entitled to a right of way over plaintiff's premises.

Corson, J., dissenting.

(Opinion filed, October 2, 1906.)

Appeal from Circuit Court, Minnehaha County. Hon. JOSEPH W. JONES, Judge.

Action by George H. Brace against Inez C. Van Eps, as executrix, and others, impleaded with Henry H. Van Brunt. From a judgment in favor of plaintiff, defendants appeal. Affirmed.

*Bailey & Voorhees,* for appellants.

When it appears by fair interpretation of the words of a grant, in connection with the surrouding circumstances, that it was the intention of the parties to create or reserve a right in the nature of a servitude or easement in the property granted for the benefit of

other land owned by the grantor and originally forming, with the land conveyed, one parcel, such right will be deemed appurtenant to the land of the grantor and binding on that conveyed, and the right and burden thus created passes to and is binding upon all subsequent grantees of the respective lots of land. Whitney v. Union Railway Company, 11 Gray (Mass.), page 365; Kuecken et al, v. Voltz, 110 Ill. 264; Winston v. Johnson, supra; Bowen v. Conner, 6 Cushing (Mass.), 132; Mendell v. Delano, 7 Metcalf (Mass.), 176; Kent v. Waite, 10 Pickering (Mass.), 138. Wherever the easement of a right-of-way has been created either by grant or by prescription in favor of a dominant estate over a servient estate, it passes to the respective owners of these estates as an easement in favor of one and a servitude or burden upon the other, into whosoever hands the respective estates may come. Kuecken v. Voltz, supra; Louisville & Nashville R. R. Co. v. Koelle, 104 Ill. 455; Winthrop v. Fairbanks, 41 Maine 307; Karmuller v. Krotz, 18 Iowa 352; Winston v. Johnson, supra; Smith v. Ladd, 41 Maine, 341; Mendell v. Delano, supra; Bowen v. Conner, supra; Kent v. Waite, supra; Whitney v. Union Railway Co., supra.

　　*P. J. Rogde,* for respondent.

　　The general rule is, that courts will and must give a common sense construction to grants, and will endeavor to ascertain and give effect to the intention of the parties, and for that purpose will consider the state of things, the situation and condition of the property of the grantor and grantee, and the considerations in view of the parties at the time the grant is made, which move them to its execution and acceptance. Kuecken v. Voltz, 110, Ill. 264; Louisville & Nashville Ry. Co., v. Koelle, 104 Ill. 455. A grantor by his deed cannot reserve an easement in favor of any person who is an utter stranger to it. Edwards—Hall Company v. Dresser, 168 Mass. 136.

　　FULLER, P. J. On this appeal by the defendants in an action to determine adverse claims to certain real property in the city of Sioux Falls, there is no dispute about the facts as found by the court, and their sufficiency to sustain the conclusions of law and a judgment quieting fee-simple title in respondent, together with the right of exclusive possession, is all that is challenged by the assign-

ment of error.  The death of William Van Eps being suggested in this court, and Inez C. Van Eps, the executrix of his last will and testament, being duly substituted as a party defendant and appellant, the action continues against her in that capacity pursuant to an order made upon the stipulation of all the parties.  The relative location of the property of each litigant is shown by the following plat:

The property of respondent over and across which appellants claim an easement in the nature of a roadway right or public alley was once a part of the southwest quarter of section 16, township 101 north, of range 49 west, of the fifth principal meridian in Minnehaha county, and consists of city lots and certain contiguous tracts of land described regularily or by metes and bounds in finding of fact No. 3, as follows: "The south half of lot four (4), all of lot five (5), and the north half of lot six (6) in block twenty-three (23) of J. L. Phillips' addition to Sioux Falls, according to the recorded plat thereof, and the tract of land adjoining said south half

of lot four (4), lot five (5), and the north half of lot six (6) on the east, described as follows, namely: Commencing at the southeast corner of said lot six (6), block twenty-three (23), J. L. Phillips' addition to Sioux Falls; running thence north one hundred and ten (110) feet; thence east fifty (50) feet; thence south sixty-six (66) feet; thence east to the Big Sioux river; thence south along the west bank of said river to a point due east of the place of beginning; thence west to the place of beginning; and also the following tract, namely: Commencing at a point two hundred feet east and one hundred and thirty-two (132) feet south of the northwest corner of said block twenty-three (23), J. L. Phillips' addition to Sioux Falls; running thence east thirty-eight (38) feet; thence south to a point on the west bank of the Big Sioux river thirty-six (36) feet east and eighty-eight (88) feet south of the point of beginning; thence west thirty-six (36) feet, thence north eighty-eight (88) feet to the point of beginning." The north half of the above-mentioned lot 4 and also a strip of land adjoining the same on the east, 50 feet wide east and west and lying contiguous to the tract of land last above described by metes and bounds, is the property of appellant Van Eps, and the warranty deed under which he holds the same, and which was executed May 3, 1884, contains no grant of a right of way or easement of any character. By mesne conveyances appellant McCormick Harvesting Machine Company became the owner of 88 feet fronting on the south line of Seventh street, 150 feet east of the northwest corner of block 23, and extending south 132 feet to the northeast corner of lot 4, thence east 88 feet, and from that point north 132 feet to the south line of Seventh street. On the 29th of June, 1893, this tract of land 88 by 132 feet was conveyed to such appellant by E. L. Smith and Helen A. Carpenter, together with a right of way across the land adjoining the same on the south, which easement was fully recognized in the conclusions of law and judgment, but the court found: "That said deed contained no reservation nor any grant of any right of way over or across any part of the tract first described by metes and bounds in paragraph 3 hereof, nor over or across any part or portion of the south half of said lot 4." It was further found that the appellant B. C. Crossan Fruit Company is now, and for more

than four years has been, the owner of a tract of land described as follows: "Commencing at a point two hundred and thirty-eight (238) feet east of the northwest corner of block twenty-three (23), J. L. Phillips' addition to Sioux Falls; running thence east forty-four (44) feet; thence south one hundred and ninety-six (196) feet to the west bank of the Big Sioux river; running thence south-westerly along the west bank of the Big Sioux river to a point two hundred and thirty-eight (238) feet east and one hundred and ninety-eight (198) feet south of the northwest corner of said block twenty-three (23); running thence north one hundred and ninety-eight (198) feet to the place of beginning." Neither in the deed of this appellant under which it holds fee simple title, nor in any previous conveyance of the property, is there a grant of any easement, privilege, right of way, or wagon road over or across any part of the real estate belonging to respondent.

In order to show upon what appellants' claim of an easement or right of way over the property in controversy is predicated, it will be necessary to notice certain reservations contained in various deeds constituting respondent's chain of title, the first of which was from one Willey and his wife to Len J. Clark, dated December 5, 1885, and conveying "an undivided one-half of the south half of lot four (4), said lot five (5), and the north half of said lot six (6)" by warranty deed containing the following clause: "Except that the party of the first part reserves the right of a wagon road on the north nine (9) feet of the aforesaid lots to his lands in the rear of aforesaid lots; said wagon road to be open to the free use of both owners of the aforesaid lots and to the owners of the land in the rear of aforesaid lots." On the 12th day of February, 1886, these same grantors conveyed to said Len J. Clark their remaining "undivided one-half of the south half of lot four (4), said lot five (5), and the north half of lot six (6)," by a deed containing the following reservation: "Reserving a wagon road nine (9) feet wide on the north side of said lots to property of grantors in the rear; said road to be open to the free use of both parties." On the 17th day of March, 1888, Len J. Clark and Emily, his wife, conveyed the "south half of lot four (4), all of said lot five (5), and the north half of lot six (6)," to David F. Wyman by warran-

ty deed containing the following reservation: "Saving and reserving from out of the hereby granted premises a right of wagon road on and over the north nine (9) feet of aforesaid lots, and wagon road to be kept open to the free use of the owners of the aforesaid lots and to the owners of the land in the rear of said lots." On the 20th day of December, 1888, the Wymans conveyed the property in trust to Thomas W. Tasker and J. Henry Westover, who, on the 16th day of January, 1889, leased the same and the building situated thereon, known as the "Commercial House," to Michael J. Roche, and it was specified in the lease that "the same shall be subject to a wagon road nine (9) feet wide on the north side of said south half of lot four (4)," and on the 5th day of August, following, said trustees contracted to convey the property to respondent, Geo. H. Brace, and it was provided in the written instrument by which such transaction was evidenced that the conveyance should be made subject "to easements heretofore reserved thereupon," and 15 days later they executed to respondent, George H. Brace, a warranty deed to the property containing the following reservation: "This grant is subject to the following easements, to-wit: A roadway nine (9) feet in width along the north side of the above-described premises for the use of the above-described property and the land east of said property and west of the river." As shown by the findings of fact, the title conveyed by the last-mentioned deed was later confirmed in respondent as follows: "That on or about March 26, 1900, Thomas W. Tasker, sole surviving trustee of the estate of David F. Wyman, deceased, Mary E. Holbrook (formerly Mary E. Wyman, widow of said David F. Wyman), Frank E. Wyman, Burt C. Wyman, Fred K. Wyman, Mattie Wyman, and Henry B. Wyman, sole surviving heirs of David F. Wyman, deceased, conveyed to the plaintiff the said south half of lot four (4), said lot five (5), and the north half of lot six (6), which deed was thereafter duly recorded in the office of the said register of deeds; and said deed contained the following reservation: 'Subject, however, to a roadway nine (9) feet in width along the north side of the above-described premises for the use of the above-described property and the land east of the said property and west of the river.' "

That portion of respondent's property adjoining the south half

of lot 4 and lots 5 and 6, which was first described herein by metes and bounds, and is designated on the plat as "tract A," was acquired by him on June 28, 1902, by warranty deed from a grantee whose title resulted from the regular foreclosure of a mortgage executed by the Willeys on the 7th day of October, 1896, and the tract last described herein by metes and bounds and designated on the plat as "tract B" was acquired at the same time and from the same grantee whose title resulted from the regular foreclosure of a purchase-money mortgage executed by the Willeys on the 1st day of October, 1890. Rozannah Willey, the defaulting mortgagor, acquired title to this tract B through mesne conveyances from J. L. Phillips, and her deed, which was executed and delivered by E. L. Smith and Helen A. Carpenter on the 1st day of October, 1890, contains the following reservation: "It is expressly understood that the said Edgar L. Smith and Helen A. Carpenter reserve a right of way across the north end of said described piece for alley purposes, in common with said Rozannah Willey." Respondent's absolute necessity for the free use of a driveway across the north nine feet of his south half of lot 4, in order to reach the rear of his lots fronting on Phillips avenue, as well as tracts A and B, is clearly apparent, and the court so found, and also found that the same has not been in common use as a public roadway, and that respondent and his mesne grantors have continuously, since 1883, kept such alleyway in good repair at their own expense and have paid all special assessments and annual taxes levied thereon. One of the findings of fact which, if necessary, might be considered in determining the right of William Van Eps to assert his claim, is as follows: "That on January 25, 1898, in an action then pending in the circuit court of said Minnehaha county, wherein this plaintiff and Mary C. Brace were plaintiffs and the defendant William Van Eps was a defendant, there was a judgment and decree duly rendered, given, and made by said court, adjudging that the plaintiffs in that action then were the true and lawful owners of the said south half of lot four, said lot five, and the north half of said lot six, and every part and parcel thereof, and that their title thereto was quieted against all claims and demands and pretensions of said defendant Van Eps, and that the claim of said defendant and

the claims of all persons claiming or to claim said premises, or any part thereof, through or under said defendant, were adjudged to be invalid and groundless, and estopping said defendant from setting up any claim thereto, or to any part thereof."

As shown by the record and the accompanying plat, Warner E. Willey and Rozannah Willey owned all of tract A when they conveyed the south half of lot 4, lot 5, and the north half of lot 6 to Len J. Clark, "reserving a wagon road nine feet wide on the north side of said lots to property of grantors in the rear, said road to be open to the free use of both parties," and their intention to limit such private right of way to the use of the immediate grantors and grantee is clearly apparent from the fact that tract A, retained by the Willeys, would be otherwise absolutely inaccessible. In the case of Burchard v. Walther, 58 Neb., at page 542, 78 N. W., at page 1061, the court say: "A reservation in a deed must be to the grantor, or to one of them, where there are two or more; but an estate cannot be created in a stranger to a deed by a reservation or recital therein." Through mesne conveyances containing similar clauses, which were never intended to enlarge or extend to strangers the private right originally created, respondent has become the owner of all the land to which the reservation ever extended, and appellants, whose property all fronts upon a public street, have no right to a driveway across his premises.

Thus considered, in the light of surrounding circumstances, and with reference to the situation of the respective pieces of land, the conclusion from the facts found is irresistible that the various grantors never intended to reserve a driveway for the benefit of property other than their own, and the judgment appealed from is affirmed.

CORSON, J., dissenting.