WILLIAM STONE, Appellee, v. ELIZA STONE, MINNIE BROWN and S. M. BROWN, ELNORA CLARK and C. L. CLARK, ETTA SUITER and P. M. SUITER, CLIFFORD STONE and ——————— STONE, his wife, and BARTON STONE and IDA STONE, Appellants.

**Deeds:** RESERVATION: EXCEPTION: DISTINCTION. A reservation in a deed of conveyance is the creation of a new right issuing out of the thing granted in favor of the grantor only, which did not exist as an independent right before the grant, and in the absence of words of inheritance continues only for the life of the grantor; while an exception is a clause withdrawing from the conveyance some part of the thing granted which otherwise would have passed to the grantee.

**Same.** A deed conveying in trust the entire estate in lands, except certain designated timber, which was reserved for the use and benefit of a third person, is held to be an exception of the timber from the grant rather than a reservation of part of the estate granted, and that the entire estate in the land passed to the trustee.

*Appeal from Scott District Court.*—HON. J. W. BOLLINGER, Judge.

SATURDAY, FEBRUARY 20, 1909.

SUIT in equity to establish and quiet plaintiff's title to certain real estate in Scott County, Iowa. The trial court granted the relief prayed in plaintiff's petition, and defendants appeal.—*Affirmed.*

*W. M. Chamberlin* and *Walter H. Peterson,* for appellants.

*J. A. Hanley,* for appellee.

Deemer, J.—Both plaintiff and defendants claim title under a deed made by Henry Stone, Sr., and his wife, Betsey, to Ruth Stone, on or about April 9, 1870, the material parts of which read as follows:

Witnesseth: That whereas the said Henry Stone, Sr., is desirous to make provision for his daughter-in-law, the aforesaid Ruth Stone, and for her children hereinafter to be named, against future contingencies and hers and their support, and whereas the aforesaid Henry Stone, Sr., is desirous that his said daughter-in-law and her children should enjoy the proceeds, rents, issues, and income of the real estate hereinafter more particularly described for the full term of her natural life, free from the control, liabilities, or interferences of any husband that she may hereafter have: Now, therefore, this indenture, witnesseth: That the said Henry Stone, Sr., in consideration of the sum of one dollar to him in hand paid by the said second party, the receipt whereof is hereby acknowledged, has bargained and sold, and does by these presents grant, bargain, sell, convey and confirm unto the said second party, the following described real estate lying and being situated in the county of Scott, and State of Iowa, to wit: The west half (½) of the northwest quarter of section No. five (5), township No. seventy-eight (78) North, of range five (5) East, of the 5th P. M., excepting a certain lot of timber growing and standing in the southwest corner of the aforedescribed quarter section, the land upon which said timber is situated more fully described as follows, to wit: Commencing at the southwest corner of said premises, running thence north to a certain creek known as the Condid Creek, thence in an easterly direction following the meanderings of said creek to the first bridge across said creek, known as the Old Slough Road Bridge, thence in a southerly direction on and along said Slough Road to the south line of said premises, thence west to the place of beginning, supposed to contain fifteen (15) acres. Said timber reserve is made for the express use, benefit, and behoof of Henry Stone, Jr., son of Henry Stone, Sr., also

the east half (½) of the west half (½) of the southwest quarter of section No. five (5), in township No. seventy-eight (78) North, of range five (5) East, of the 5th P. M., containing forty acres (40), more or less. The intention being to convey hereby absolute title in fee simple to said real estate, to have and to hold the premises herein described in trust for the uses and purposes hereinafter specified. First. To use for the maintenance of herself and for the maintenance, education and support of her minor children the aforedescribed trust for the full term of her natural life, she to pay from the proceeds, products, and use of said trust all taxes that may hereafter be justly assessed against said premises. Second. · To leave the premises at her death in as good condition as reasonable use thereof will permit to her two sons named William Stone and Henry Stone. Third. The said Henry Stone, Sr., and Betsy Stone, his wife, hereby declare that upon the decease of the aforesaid Ruth Stone, the aforesaid trust shall cease and determine, and the foregoing described premises shall belong in fee simple to William Stone and Henry Stone, sons of the said Ruth Stone, upon the express condition that the aforesaid William Stone and Henry Stone pay or cause to be paid to their three sisters the following sums, to wit: To their sister Harriet the sum of one hundred dollars ($100), to their sister Mary the sum of one hundred dollars ($100), to their sister Ida the sum of one hundred dollars ($100), said sums to be paid at the time of their taking possession of said premises, and the said party of the second part doth hereby signify her acceptance of this trust, and doth hereby covenant and agree to and with the said parties of the first part faithfully to discharge and execute the same to the true intent and meaning of these presents. In witness whereof, we have hereunto set our hands and seals, this 10th day of May, A. D. 1870.

Thereafter, and in the year 1901, Harriet Dickinson and her husband and Mary Shanor and her husband, Ida Waterbury and her husband, and H. H. Stone and his wife conveyed their respective interests in the lands described in the initial deed quoted to plaintiff, William Stone. The three main grantors in these several deeds

are brother and sisters of the plaintiff.   Henry Stone, Sr.,
the grantor in the first deed quoted, was the father of
Henry Stone, Jr., and the grandfather of plaintiff.   Plain-
tiff's mother, Ruth Stone, was the widow of Miron Stone,
who was a son of Henry Stone, Sr.   Ruth Stone died in
the year 1901, and Henry Stone, who was the husband of
the defendant Eliza Stone and the father of the other
defendants, died prior to the time of the death of Ruth.
Ruth Stone held a life estate in the property in contro-
versy, and, with plaintiff, has been in the possession of
the property since the time of making the original deed
in May, 1870.   Plaintiff has paid each of his three sisters
the $100 provided for them in the deed hitherto set out,
and has received the deeds mentioned, and he, plaintiff,
has also purchased an undivided one-half of his brother
Henry's (or H. H. S.'s) interest.   Unquestionably, then,
plaintiff owns the fee title in said premises, unless it be
found that defendants have some interest in virtue of the
exception or reservation clause of the original deed, which
reads in this wise:

Excepting a certain lot of timber growing and stand-
ing in the southwest corner of the aforedescribed quarter
section; the land upon which said timber is situated, more
fully described as follows, to wit:   Commencing at the
southwest corner of said premises, running thence north to
a certain creek known as Condid Creek; thence in an
easterly direction, following the meanderings of said creek
to the first bridge across said creek, known as the Old
Slough Road Bridge; thence in a southerly direction on
and along said slough road to the south line of said prem-
ises; thence west to the place of beginning, supposed to
contain 15 acres.   Said timber reserve is made for the ex-
press use and benefit and behoof of Henry Stone, Jr., son
of Henry Stone, Sr.

Upon this defendants base their claim to one hundred
and twenty acres of the land.   The argument is that the

original deed conveyed a fee to Henry Stone, Jr., and that
the clause in the deed referring to Henry
Stone, Jr., creates an exception, and con-
veys the lands therein mentioned to Henry
Stone, Jr. To properly solve this ques-
tion, we must have in mind the distinction between reser-
vations, exceptions and grants. The nature of a grant
is pretty well understood. But a grant may be of any
kind of an estate which is the subject of transfer. A
reservation is the creation in behalf of the grantor of a
new right issuing out of the thing granted, something which
did not exist as an independent right before the grant.
And an exception is a clause in a deed which withdraws
from its operation some part of the thing granted which
would otherwise have passed to the grantee under the gen-
eral description. *Blackman v. Striker,* 142 N. Y. 555 (37
N. E. 484); *Biles v. Tacoma Co.,* 5 Wash. 509 (32 Pac.
211); *Eiseley v. Spooner,* 23 Neb. 470 (36 N. W. 659,
8 Am. St. Rep. 128); *Herbert v. Pue,* 72 Md. 307 (20
Atl. 182). Sometimes the terms are used indiscriminately,
and what is described in the conveyance as an exception is
ofttimes held to be a reservation. *Wellman v. Churchill,*
92 Me. 193 (42 Atl. 352). A reservation is never of a
part of the estate itself, but is something taken back out of
that already granted, as rent, or the right to cut timber, or
to do something in relation to the estate, while an excep-
tion is of some part of the estate not granted at all.
*Youngerman v. Polk County,* 110 Iowa, 731. A reserva-
tion is always in favor of the grantor, and, if it does not
contain words of inheritance, it exists only for the life
of the grantor. *Engel v. Ayer,* 85 Me. 448 (27 Atl. 352).
A reservation must be in favor of the grantor or party
executing the conveyance, and not to a stranger. *Kar-
muller v. Krotz,* 18 Iowa, 352.

With these rules in mind, we now go to the deed which
lies at the basis of this controversy, and are forced to con-

1. DEEDS:
reservations:
exception:
distinction.

clude from an examination thereof that there was an exception rather than a reservation in the deed,
2. SAME.
and that this exception was of a certain lot of timber rather than the land itself, and that such reservation was for the benefit of Henry Stone, Jr., personally, and terminated with his death. This exception was not of an estate in the land or any part thereof, but, if it were, it is of a life estate only which terminated with the death of Henry Stone. There can be no doubt that the entire estate in the lands described was conveyed in trust to the grantees named, but that a certain amount of timber was excepted from the grant. This exception was for the personal benefit of Henry Stone, Jr., and would terminate by his death. Henry Stone, Jr., has conveyed all his right, title, and interest in and to the property to the plaintiff, and we do not think that defendants have any interest therein. If any they have, it is upon the theory that something remained in the grantor, Henry Stone, Sr., after his conveyance in April of the year 1870 which passed by descent to his heirs. As already observed, we do not think that anything remained in him, but that the title passed by the deed save and except the timber growing upon a certain part of the premises which was excepted from the grant, and the use thereof given to Henry Stone, Jr., who has since conveyed all his right, title and interest to plaintiff herein.

The trial court correctly established plaintiff's title, and quieted it against all of the defendants; and its decree must be, and it is, *affirmed.*