## DEAVER v. AARON.

A warranty deed contained the language: "This indenture made . . between Ira M. Deaver . . of the first part, and C. M. Deaver and his heirs, . . witnesseth that the said party of the first part has granted, bargained, sold, and conveyed, and by these presents does grant, bargain, sell, and convey unto the said party of the second part, his heirs and assigns [described land]. Excepting a lifetime estate for my father, E. M. Deaver Sr., and my stepmother, Mary E. Deaver, his wife." An exception in favor of strangers can only recognize and confirm rights already existing in such strangers. Under such a deed Mary E. Deaver acquired no right. Under the allegations of the petition her sole claim is based upon the language of the deed mentioned.

No. 4616. JANUARY 17, 1925.

Equitable petition. Before Judge Blair. Fannin superior court. October 20, 1924.

*William Butt,* for plaintiff.

*Allison S. Prince* and *Thomas A. Brown,* for defendant.

GILBERT, J. Ira M. Deaver conveyed by warranty deed described land to "C. M. Deaver and his heirs." Immediately following the description of the land and preceding the habendum clause of the deed are the following words: "Excepting a lifetime estate for my father, E. M. Deaver Sr., and my stepmother, Mary E. Deaver, his wife." Subsequently to the execution and delivery of this deed Ira M. Deaver, the grantor therein, repurchased the property conveyed, and obtained a warranty deed reconveying the property to him. Thereafter Ira M. Deaver sold and conveyed by warranty deed the entire interest in the same property to Mrs. Martha Aaron, and she went into possession and is now in possession of the property. Mrs. Mary E. Deaver, named in the exception quoted from the first-mentioned deed, filed a suit against Mrs. Martha Aaron, alleging all of the above-stated facts, and, in addition thereto, that on the execution of the first deed she went into possession and enjoyment of the property, that Ira M. Deaver and C. M. Deaver and his heirs recognized the estate for life, that she continued to remain in possession of the property as a life-tenant until the 25th day of February, 1920, when she temporarily left the same, that during her absence the property was conveyed to Mrs. Aaron, who went into possession, and that petitioner has never consented to nor acquiesced in the sale of the land to Mrs. Aaron. The prayers of the petition are, that the court decree that the plaintiff has a life-estate in the land, and that the defendant be required to yield quiet

and peaceable possession to the plaintiff; and for general relief and process. The defendant demurred generally, and also specially upon the ground that Ira M. Deaver is a necessary party to the petition, and that E. M. Deaver Sr. is a necessary party, for the reason that the petition shows that E. M. Deaver Sr. is equally interested with petitioner in the subject-matter of the suit. The general demurrer was sustained, and the petitioner excepted.

The sole question is whether the first-named deed, which contained the language quoted in the headnote, had the effect of conveying any right, title, or interest to Mary E. Deaver, the petitioner. She does not claim any right, title, or interest otherwise in the property. The deed under which she claims names Ira. M. Deaver as grantor, and "C. M. Deaver and his heirs" as grantees. C. M. Deaver is alleged to be a brother of Ira M. Deaver. Mary E. Deaver is the stepmother of the grantor and grantee, C. M. Deaver. She is not one of the heirs of C. M. Deaver. Mary E. Deaver is therefore a stranger to the deed. An exception in a deed can not be made in favor of a stranger. It can only recognize and confirm rights already existing in strangers. 8 Ruling Case Law, 1093, § 150; 18 Corpus Juris, 359, § 373. "An exception is a clause in a deed which withdraws from its operation some part of the thing granted which would otherwise have passed to the grantee under the general description. Blackman *v.* Striker, 142 N. Y. 555, 37 N. E. 484; Biles *v.* Tacoma, O. & G. H. R. Co., 5 Wash. 509, 32 Pac. 211; Eiseley *v.* Spooner, 23 Neb. 470, 8 Am. St. Rep. 128, 36 N. W. 659; Herbert *v.* Pue, 72 Md. 307, 20 Atl. 182. Sometimes the terms are used indiscriminately, and what is described in the conveyance as an exception is ofttimes held to be a reservation. Wellman *v.* Churchill, 92 Me. 193, 42 Atl. 352." Stone *v.* Stone, 141 Iowa, 438 (119 N. W. 712, 20 L. R. A. (N. S.) 221, 223, 18 Ann. Cas. 797); Beardslee *v.* New Berlin Light Co., 207 N. Y. 34 (100 N. E. 434, Ann. Cas. 1914B, 1289). In the annotation to the case of Stone *v.* Stone, as reported in 20 L. R. A. (N. S.) 221, the principle is well stated, followed by a collection of authorities, viz.: "In Sheppard's Touch. 80, it is stated as one of the essentials of a good reservation that it must be made to one of the grantors, and not to a stranger to the deed. This rule is said in Tiffany, Real Property, 383, to be presumably due to the feudal origin and purpose of a reservation, as formerly understood.

And, in view of the fact that a reservation is technically a regrant, the logicality of the rule is apparent. This rule seems to be regarded by the courts as axiomatic; and in the following cases it has been held that an estate can not be treated in a stranger to a deed by a reservation therein: Jackson v. Snodgrass, 140 Ala. 365, 37 So. 246; Brace v. Van Eps (S. D.), 109 N. W. 147; Karmuller v. Krotz, 18 Iowa, 352; White v. Marion (Iowa), 117 N. W. 254; Hill v. Lord, 48 Me. 83; Herbert v. Pue, 72 Md. 307, 20 Atl. 182; Murphy v. Lee, 144 Mass. 371, 11 N. E. 550; Haverhill Sav. Bank v. Griffin, 184 Mass. 419, 68 N. E. 839; Logan v. Caldwell, 23 Mo. 372; Borst v. Empie, 5 N. Y. 33; Craig v. Wells, 11 N. Y. 315; Hornbeck v. Westbrook, 9 Johns. 73; Hornbeck v. Sleight, 12 Johns. 199; Parsons v. Miller, 15 Wend. 561; Maynard v. Maynard, 4 Edw. Ch. 711; Ives v. VanAuken, 34 Barb. 566; Eysaman v. Eysaman, 24 Hun, 430; Stevens v. Adams, 1 Thomp. & C. 587; Edwards v. Brusha, 18 Okla. 234, 90 Pac. 727; Young's Petition, 11 R. I. 636; Re Palin, 28 R. I. 12, 65 Atl. 282; Strasson v. Montgomery, 32 Wis. 52. And it has likewise been said that an exception can not so operate. Craig v. Wells and Parsons v. Miller, supra; Redding v. Vogt, 140 N. C. 562, 53 S. E. 337, 6 A. & E. Ann. Cas. 312. Although a reservation or exception in a conveyance will not confer title upon a stranger to the instrument, under certain circumstances it may operate as an admission in his favor, or as an estoppel against the grantor. Butler v. Gosling, 130 Cal. 422, 60 Pac. 596."

When Ira M. Deaver executed his conveyance to C. M. Deaver and provided therein an exception for the "lifetime" of his father and stepmother, he merely reserved in himself an interest for the lifetime of his father and stepmother, there being no claim that the father and stepmother owned any right, title, or interest otherwise' than under this deed. When, therefore, Ira M. Deaver obtained a reconveyance to himself from C. M. Deaver and his heirs, he then held the entire interest in the property as fully as he owned it prior to his conveyance in the first instance. Subsequently he executed his warranty deed to Mrs. Aaron, and this deed conveyed the entire interest in the property to the grantee. Under the petition Mrs. Mary E. Deaver failed to show any interest in the property which she sought to recover; and accordingly the general demurrer to the petition was properly sustained.

*Judgment affirmed. All the Justices concur.*