**JOINER et al. v. SULLIVAN et al.**

No. 6693.

Court of Civil Appeals of Texas. Texarkana.

May 28, 1953.

Rehearing Denied Aug. 27, 1953.

Boyet Stevens and Aubrey Robison, Daingerfield, Tex., for appellants.

Russell & Perkins, Mt. Pleasant, Tex., for appellees.

WILLIAMS, Justice.

J. D. McCleave and wife, Lillie Mae McCleave, under a deed dated May 25, 1933, conveyed to Fred D. McCleave, a son, a tract of land out of the G. W. Haynes Survey in Morris County, Texas, being described in three parcels aggregating 53⅕ acres. This deed, which purports to convey the fee simple title with general warranty, contained a reservation or exception, the basis of this action for a declaratory judgment, which reads: "*It is understood and agreed that all oil, gas and mineral rights in and to the within described tract of land is herein retained to grantors and their seven children, share and share alike, together with the right of ingress and egress.*" (Italics ours).

This tract of land was a part of the community estate of J. D. and Lillie Mae McCleave at the time they executed above deed. He died intestate on September 17, 1948. Thereafter on November 5, 1948, Fred D. McCleave, grantee in above deed, joined by his wife, conveyed the tract to Lillie Mae McCleave, the surviving wife of J. D. McCleave. She, as a feme sole, on March 7, 1949, conveyed the tract to Harold

Parsley, who on March 22, 1949, conveyed the tract to appellees W. C. Sullivan and Nancy Sullivan, the plaintiffs below. Each of the last three mentioned deeds purports to convey the fee simple title to the 53⅕ acre tract with general warranty of title, and contained no reservations or exceptions of any character. All deeds herein mentioned were duly and forthwith filed for record. Mrs. Edwin Joiner, a feme sole, and others, the defendants below and appellants here, are six of the children of J. D. McCleave and his wife, being all of their children except Fred D. McCleave, grantee in the deed of May 25, 1933.

The trial court concluded "that insofar as above quoted reservation attempted to vest title in the seven children in such oil, gas and minerals, the same was and is void and that no title to any part of the oil, gas and minerals in the tract was vested in these children by virtue of such reservation, but such reservation operated solely for the benefit of J. D. McCleave and wife, Lillie Mae, and vested title to the same in this couple." Based upon above conclusion of law, the court decreed that each of the six appellants was vested through inheritance from their father with a good title to a ¹⁄₁₄ interest in the oil, gas and minerals, a total of ⁶⁄₁₄ interest; and that appellees, W. C. Sullivan and wife, Nancy, were jointly vested with a good title to ⁸⁄₁₄ interest in the same. This ⁸⁄₁₄ interest represents the ⁷⁄₁₄ interest still owned and retained by the wife Lillie Mae McCleave by virtue of the reservation or exception in the deed of May 25, 1933, plus ¹⁄₁₄ that Fred D. McCleave had inherited from his father that vested in his mother by virtue of his deed to her of November 5, 1948. This ⁸⁄₁₄ interest passed by her deed of March 7, 1949.

It is unnecessary in the disposition of this action under the facts in this record to legally determine whether above quoted clause in the deed be classified as an exception or a reservation under the rules stated in Summers Oil and Gas, Perm.Ed., Vol. 1, pp. 352, 353; 16 Am.Jur. (Deeds), Sec. 298, and Donnell v. Otts, Tex.Civ.App., 230 S.W. 864. For "a reservation or exception in favor of a stranger to the conveyance conveys no title to such stranger." 58 C.J.S., Mines and Minerals, § 155, p. 317. As stated in Beardslee v. New Berlin Light & Power Co., 207 N.Y. 34, 100 N.E. 434, 436, and recognized and applied in decisions out of various states, collated in 39 A.L.R. 129, "It is elementary law, stated in every text book on the subject that a reservation or exception in favor of a stranger to a conveyance is * * * inoperative." Thompson on Real Property, Vol. 6, Sec. 3483; Devlin on Real Property, 3rd Ed., Vol. 2, Sec. 982; Deaver v. Aaron, 159 Ga. 597, 126 S.E. 382, 39 A.L.R. 126, 128; Burchard v. Walther, 58 Neb. 539, 78 N.W. 1061; 14 T.J., p. 962. "It is one of the essentials of a good reservation that it be made to one of the grantors, and not to a stranger to the deed * * * and it has been held that no estate or interest can be created in a stranger to a deed by a reservation therein." 16 Am.Jur. (Deeds), Sec. 299. An exception purporting to be in favor of a stranger cannot operate as a conveyance to him of the excepted land (minerals), 16 Am.Jur., p. 610.

Appellants being strangers to the deed from J. D. McCleave and wife, Lillie Mae McCleave to Fred D. McCleave, and based on above authorities, the judgment of the trial court is affirmed.

Judgment affirmed.