**HIDALGO COUNTY WATER CONTROL AND IMPROVEMENT DISTRICT NO. 16, Appellant,**

v.

**Leonard J. HIPPCHEN and wife, June H. Hippchen, Appellees.**

**No. 15806.**

United States Court of Appeals Fifth Circuit.

May 31, 1956.

Rehearing Denied June 30, 1956.

Sidney L. Farr, Edinburg, Tex., C. E. Blodget, Corwin C. Connell, Edinburg, Tex., Kelley, Looney, McLean & Littleton, Edinburg, Tex., of counsel, for appellant.

Robert F. Cherry, Edinburg, Tex., Rankin, Kilgore & Cherry, Edinburg, Tex., of counsel, for appellee.

Before HUTCHESON, Chief Judge, and CAMERON and BROWN, Circuit Judges.

HUTCHESON, Chief Judge.

The sole question presented below by motions for summary judgment and here

by appeal is whether or not appellant has an easement authorizing construction of an irrigation canal and barrow ditch across a portion of appellees' lot. (described as follows: All of the N½ of Lot 18, Bk. 11, containing 8 acres more or less, of Texan Gardens, a subdivision in Hidalgo County, Texas), and was, therefore, entitled to occupy and construct the canal and ditch without paying compensation therefor.

The district judge, in an opinion carefully setting out the material facts as stipulated [1] and answering the question

1. As here material, the stipulated facts are as follows:

On Jan. 3, 1947, Texas Realty, filed with the County Clerk a plat of a subdivision of its land, including that later sold to plaintiffs, to be known as "Texan Gardens", along with a dedication instrument, granting:

"an easement over and *upon such lands as are upon said map or plat shown as roadways* to the use of the public and Hidalgo County so long as Hidalgo County shall accept, maintain and protect the same to the use and benefit of the public, reserving and retaining, however, unto the Texas Realty Company, its successors and assigns, beneficiaries and licensees, the sole and exclusive right to construct, maintain and operate from time to time and as often and during such periods of time as it may deem proper, *over, upon, across, and along said roads* either all or any of the following, to-wit: Irrigation canals * *."

"*The acreage of the subdivision, parcels or lots as shown upon said plat does not include the acreage in any canal rights of way shown upon said plat but the right to construct, canals, pipelines and other structures for the irrigation of said land under and across any of the lands as shown by said plat, is hereby expressly reserved unto the said Texan Realty Company, its successors and assigns.*" (Emphasis supplied.)

On July 17, 1948, Texas Realty, by its changed name, Texan Development, conveyed the land in question to plaintiffs by warranty deed which contained the following provisions, after the granting clause:

"The above premises and lands are conveyed further subject to:

"1. Grantee herein assumes and agrees to pay when due and payable * * * all taxes, including water rentals, taxes and charges whatsoever * * *."

"2. *Existing easements or reservations of record, or where evidenced by actual possession,* for road, highway, canal, drainage ditches, pipeline, railroad, telephone, telegraph, gas and electric lines rights-of-way. (emphasis supplied)

"3. Existing lease or leases for oil, gas and other minerals.

"4. Agreement and understanding that the land hereby conveyed lies within Hidalgo County Water Control & Improvement District No. 16, a newly organized district which contemplates obtaining its source of supply of water for irrigation from the proposed gravity canal to be constructed by the Bureau of Reclamation, U.S. Department of Interior and reservation for canal rights-of-way for such proposed canal and/or distribution system canals or pipelines is hereby expressly made."

Thereafter, on Nov. 16, 1951, Texan Development Company, referring to the dedication, supra, conveyed to defendant all of the right, title and interest of grantor "in and to the following rights reserved in said dedication:

"(1) The sole and exclusive right to construct, maintain and operate from time to time and as often and during such periods of time as it may deem proper, over, upon, across and along said roads set out on the plat and dedicated by a dedication instrument, (any of the following, to-wit) :

"(a) Irrigation canals, branches, laterals, bridges, pipes, syphons and other structures incident or appurtenant to an irrigation system; any and all telegraph, electric light and power lines, wires, poles, towers, bridges, pipes, syphons and

in the negative, denied defendant's and granted plaintiffs' motion except as to the issue of damages, which was set for later trial. That trial had, this appeal by defendant is from the judgment awarding plaintiffs compensatory damages.

Here, relying upon the instruments executed by Texan Development Company and set out in the stipulated facts, including particularly the deed to plaintiffs dated July 17, 1948, and that to defendant dated Nov. 16, 1951, defendant asserts that an easement for constructing the irrigation canal and structure was retained (a) in the dedicatory instrument of January 3, 1947, and (b) in the deed to plaintiffs of July 17, 1948, and that such reserved easement was duly conveyed to defendant on November 16, 1951.

Appellees, relying on the conclusion of the district judge that the dedication instrument cannot form the basis of a claim by defendant, points to the settled law:

That for the creation of an easement both a dominant and a servient estate are required;

That "it is elementary that the dominant and servient estates must be held by different owners, for no person can have an easement in his own property", 15B Texas Jur. "Easements", p. 254, and cases cited;

That, in short, "A person cannot have an easement in his own land since all the uses of an easement are fully comprehended in his general right of ownership. It follows that no easement exists so long as there is a unity of ownership of the

property involved." 17 Am.Jur., "Easements" Sec. 3, page 926.

So pointing, it urges upon us that, whatever might be said as to what the dedicatory instrument relied on attempted or intended to reserve, it was, as matter of law, ineffective to create an easement for the reasons above stated, and that unless an easement was effectively excepted out of the conveyance to plaintiffs, the judgment was right and must be affirmed.

For the reasons hereafter briefly stated, we agree with appellees and with the district judge, that the language in the deed to plaintiffs was not effective to except from it the easement defendant asserts.

Of the four paragraphs following the language, "The above premises and lands are conveyed further subject to", only paragraphs two and four are relied upon by defendant to support its claim that plaintiffs took their title subject to easements reserved or excepted from their deed.

Paragraph two, which does not undertake to create any easement or make any reservation or exception, but merely refers to "existing easements or reservations of record or where evidenced by actual possession", is clearly ineffective to support defendant's claim. This is so because (1) it is not claimed that the canal or drainage ditch in controversy here was evidenced by actual possession, and (2) for the reasons already stated, that the attempted dedication was ineffective to create easements, the so-called existing easements or reservations of record do not in fact or in law exist.

When paragraph four is turned to, defendant is in no better position. As

---

other structures incident or appurtenant to an irrigation system."

"(2) The right to construct canals, pipe lines and other structures for the irrigation of said land under and across any of the lands as shown by said plat."

In June or July, 1954, defendant constructed the barrow ditch and elevated canal in controversy, running east and west across the north portion of plain-

tiffs' 8-acre tract, alongside, but not upon, the six mile road which borders plaintiffs' land, thereby appropriating a strip of approximately three acres.

The ditch and canal are not a part of, or connected with, any gravity canal erected, or to be erected, by the Bureau of Reclamation, United States Department of Interior.

the district judge correctly pointed out, "The parties have stipulated that the ditch and canal built by defendant are not a part of, or connected with any gravity canal erected or to be erected by the Bureau of Reclamation. The rule is that reservations or exceptions in a deed shall be construed against the grantor and in favor of the grantee. 14 Tex.Jur. 962, Sec. 179. The same is true in case of language of doubtful meaning. 14 Tex.Jur. 916, Sec. 138."

In Shell Petroleum Corp. v. Ward, 5 Cir., 100 F.2d 778, 779, this court, applying the principle to a claimed exception from a conveyance, declared: "It is a principle of universal application that grants are liberally, exceptions strictly, construed against the grantor. (Citing cases.)"

If then paragraph four had been expressly drawn to reserve from the conveyance for the benefit of the grantor the easement claimed, we think it would have been ineffective because, under the above rule of construction, it must have been construed as inapplicable to the irrigation canal and ditch in question here. Since, however, paragraph four did not purport to be a reservation in favor of grantor but of a stranger to a deed, it could not be, it was not effective as a reservation. 14B Tex.Jur., p. 719; 16 Am.Jur., p. 609, Sec. 299.

It is true, as pointed out in those texts, that a so-called reservation in favor of a stranger may be in reality an exception from the deed to the grantee, Deaver v. Aaron, 159 Ga. 597, 126 S.E. 382, 39 A.L.R. 126. Cf. Annotations 129 A.L.R. 310; 136 A.L.R. 644; and 162 A.L.R. 288, and although it will not create rights in favor of a stranger, it may be effective against the grantee as an exception from the grant. As we have noted above, however, grants are liberally, exceptions strictly, construed against the grantor, and there is nothing in the language of the instrument or the circumstances surrounding its execution which would require, or indeed permit,

the construction of paragraph four as an exception from the conveyance of the easement for the canal and drainage ditch claimed by defendant.

The judgment was right. It is affirmed.