**Irene Bohannon JACKSON et al., Appellants,**

v.

**Rex T. McKENNEY et al., Appellees.**

**No. 5478.**

Court of Civil Appeals of Texas, Eastland.

July 10, 1980.

Rehearing Denied July 31, 1980.

Dell Barber, Colorado City, for appellants.

John T. Ferguson, Weaver & Ferguson, Big Spring, for appellees.

DICKENSON, Justice.

Plaintiffs, the heirs at law of D. P. Bohannon and wife,[1] sued the Estate of Susie A. McKenney,[2] seeking title to an undivided 1/64th nonparticipating royalty interest in a tract of land from which oil and gas is being produced. Following a nonjury trial, judgment was rendered for the McKenney Estate. Plaintiffs appeal. We affirm.

The record shows that in 1929 Ed Jackson and wife conveyed the land in question to D. P. Bohannon by a warranty deed which reserved an undivided 1/64th nonparticipating royalty interest in oil, gas and other minerals. D. P. Bohannon and wife, through whom Plaintiffs claim, conveyed the land in question to R. E. D. Smith in 1930 by a warranty deed which did not mention the interest reserved by Jackson but which purported to reserve an undivided 1/64th nonparticipating royalty interest in oil, gas and other minerals. R. E. D. Smith and wife conveyed this land to Susie A. McKenney in 1932 by a warranty deed which did not reserve any royalty interest but which did contain the following statement:

It is agreed and understood that there has been heretofore 1/32nd int. Royalty (sic) under the above described land reserved by Ed Jackson, and D. P. Bohannon.

Plaintiffs have briefed three points of error. Point one contends that the trial

---

1. The heirs at law of D. P. Bohannon and wife, Harriet E. Bohannon, are J. E. Bohannon, Belle Mathis, Irene Bohannon Jackson, Ara Bohannon, Ethelyne Bohannon, Clara M. Mitchell, Verda Wilton, J. K. Bohannon, Jr., G. D. Bohannon, Margaret Morris, Helen Willoz, Edith Bohannon Webb, Dora Sue Greenwood, Edna Bohannon Evans, Harold P. Brown, Jr. and David Paul Brown.

2. Susie A. McKenney died after suit was filed but prior to the entry of judgment. Rex T. McKenney and Jack McKenney, Independent

court erred in holding that the Duhig Rule [3] controls. We disagree. *Duhig* holds that when a grantor makes a conveyance without reference to an outstanding interest in the minerals, reserving unto himself an interest in the minerals:

> (t)he warranty is breached at the very time of the execution and delivery of the deed. . . . Such state of facts at once suggests the rule as to after-acquired title, which is . . . equally fair and effectual and also appropriate here. . . . It operates as an estoppel denying to the grantor and those claiming under him the right to set up such title against the grantee and those who claim under it.

The trial court did not err in its application of *Duhig* to the royalty reservations quoted hereinabove. When D. P. Bohannon and wife sold the land in 1930, the application of *Duhig* had the effect that their attempted reservation of an undivided ⅟₆₄th nonparticipating royalty interest did not actually reserve any interest to them or to their heirs, Plaintiffs herein. That deed failed to mention the prior reservation of an undivided ⅟₆₄th nonparticipating royalty interest in the 1929 deed from Ed Jackson and wife, and *Duhig* operates to estop them and their heirs from claiming the interest involved in this lawsuit.

The recitation in the 1932 deed from Smith to McKenney does not create a reservation or exception in favor of D. P. Bohannon or his heirs. *Joiner v. Sullivan*, 260 S.W.2d 439 (Tex.Civ.App.—Texarkana 1953, writ ref'd); *Canter v. Lindsey*, 575 S.W.2d 331 (Tex.Civ.App.—El Paso 1978, writ ref'd n. r. e.). *Joiner* holds that a reservation or exception in favor of a stranger to the deed conveys no title to such stranger. D. P. Bohannon was a stranger to the deed from R. E. D. Smith and wife to Susie A. McKenney. Therefore, Mrs. McKenney acquired all of the Smiths' title, being all of the surface and all of the minerals except the royalty reserved by Ed Jackson and wife.

Plaintiffs' second point contends that the trial court erred by finding that appellants did not establish a mutual mistake between the parties to the deed from Bohannon to Smith. Plaintiffs' third point contends that the trial court erred by finding that appellants failed to establish facts which would make Susie A. McKenney a trustee or a constructive trustee for their benefit. These points must be overruled, for the trial judge was empowered to resolve these disputed fact issues. Plaintiffs had the burden of proof on these disputed issues, and they failed to convince the fact finder.

The trial court's findings of fact have the same force and effect as a jury's verdict upon special issues. If supported by evidence of probative value, they will not be disturbed on appeal unless they are so against the overwhelming weight of the evidence as to be wrong. *Hi Fashion Wigs Profit Sharing Trust v. Hamilton Investment Trust*, 579 S.W.2d 300 (Tex.Civ.App.—Eastland 1979, no writ); *Houston Natural Gas Corporation v. Pearce*, 311 S.W.2d 899 (Tex.Civ.App.—Houston 1958, writ ref'd n. r. e); 4 McDonald, Texas Civil Practice § 16.05 (rev.1971).

Plaintiffs rely upon *Miles v. Martin*, 159 Tex. 336, 321 S.W.2d 62 (1959), where the Supreme Court remanded the cause in the interest of justice for a trial on the right to equitable relief. In this case that issue has already been tried.

The judgment of the trial court is affirmed.

---

Executors of the Estate of Susie A. McKenney, deceased, were substituted in her place.

**3.** The Duhig Rule is stated in *Duhig v. Peavy-Moore Lumber Co., Inc.*, 135 Tex. 503, 144 S.W.2d 878 (1940). For discussions of this Rule and its application, see Hemingway, Law of Oil & Gas § 3.2(D) (West 1979); Barber, "Duhig to Date," 13 Sw.L.J. 320 (1959); Meyers & Williams, "Oil and Gas Conveyancing," 36 Texas L.Rev. 399 (1958).