Auburn and Syracuse Electric Railroad Company, Plaintiff,
*v.* Lewis E. Headley, Defendant.

Supreme Court, Cayuga Equity Term, July, 1922.

Deeds — interpretation — contradictory descriptions construed in favor
of grantee — right of way — clause construed as reservation of an
easement and not an exception — fee of right of way in grantee —
injunctions.

In construing a deed of conveyance of real estate every reasonable intendment
will be resolved in favor of the grantee, and where by one of two descriptions
which are to some extent contradictory, the fee of a street would be included,
and the other standing alone would indicate an intent to exclude such fee,
effect will be given to the description which from the contemporaneous acts
of the parties and the situation of the property as it existed at the time of the
conveyance, appears best to carry into effect the intention as thus ascertained.

Whether the fee of a road passes under a conveyance is a question of intention
which justifies the court in looking beyond the mere words of the description
and in considering not only the situation of the property, the circumstances
in which the deeds were made, the purpose sought to be effected thereby, but
also the dealings and conduct of any of the parties who are the successors in
title to the parties to the deed.

The presumption that the soil of a right of way between two properties belongs
to the owner is not affected by the fact that the way leads to and is used by the
owner of a third close.

Ordinarily the grant of an easement implies a reservation of the fee, and where
no privilege of user is given it indicates that none was deemed necessary by the
parties.

Immediately following a most careful and complete description by metes, bounds
and surveyor's monuments and observations in a deed in which plaintiff's
predecessor in title was the grantee and the lessor of defendant is a successor
of the grantor, there was a clause which though reciting " this conveyance
is intended to convey all the land lying east of the new outlet south of the south
line of Van Middlesworth west of the center of Owasco Lake Road and north
of Owasco Lake," contained none of the familiar terms usually employed when
an exception is designed.   *Held*, that the intention was to yield total and absolute
title, possession and estate of all lands within the designated lines.

A later and separate paragraph of the deed contained the following clause: " The
premises above described are subject to the following reservation, easements,
contracts and reservations; to-wit:   The parties of the first part reserve from
the premises aforesaid a street or highway running from the bridge that now
crosses the new channel or outlet of the Owasco Lake at least three (3) rods
wide, and extending from said bridge across said outlet to Owasco Street on
the highway leading from Owasco Lake to the City of Auburn." *Held*, that
said clause will be construed as a reservation of an easement of a right of way
only, the fee passing.

Lands of the grantor now known as Island park, immediately west of the land
conveyed by the deed to plaintiff's predecessor in title, which plainly speaks
of the contemplated use of both properties as vacation parks, were separated
from them only by the waters of Owasco outlet.   The land in suit is a roadway

extending between a highway and the east shore of said outlet, where it meets a bridge spanning the same, the roadway and bridge giving access to and from Island park across the center of plaintiff's property to and from a public highway leading to the city of Auburn. For many years said roadway has been used only as a highway and no attempt or claim of right to use any part of it for any other purpose or in any wise inconsistent with plaintiff's ownership of the fee, has been made until defendant, seeking to justify under a lease from the present owner of the Island park property, who is the successor in title to plaintiff's grantor, has erected and maintained a refreshment stand on the roadway in question in competition with plaintiff. *Held,* that plaintiff was entitled to an injunction.

SUIT for an injunction.

*Nottingham, Clymer, Smith & Kingsley,* for plaintiff.

*Hull Greenfield,* for defendant.

THOMPSON, J.   In a deed in which plaintiff's predecessor is the grantee, and the lessor of the defendant is a successor to the grantor, is found the following clause: "The premises above described are subject to the following reservation, easements, contracts and reservations; to-wit: The parties of the first part reserve from the premises aforesaid a street or highway running from the bridge that now crosses the new channel or outlet of the Owasco Lake at least three (3) rods wide, and extending from said bridge across said outlet to Owasco Street on the highway leading from Owasco Lake to the City of Auburn," and the decision of this case depends upon the meaning here to be ascribed to it. The plaintiff claims it is a reservation of an easement of a right of way, only, the fee passing, while defendant insists it is an exception, and, therefore, that the fee did not pass.

Plaintiff's grant, now an amusement park, consists of about twenty acres of land, lying at the foot of Owasco lake; the road in question is located practically across its center. At the time of the conveyance the grantor also owned lands lying immediately west of the lands conveyed and separated from them only by the waters of Owasco outlet; these lands are now known as Island park. The land in suit is a roadway or street extending between Lake avenue and the east shore of the outlet where it meets a bridge which spans the outlet, the roadway and bridge giving access to and from Island park across Lakeside park to and from Lake avenue, a public highway leading to Auburn. The defendant has erected and maintains a refreshment stand on the roadway in question and in this action, brought for an injunction, justifies under a lease from one Fitch Bills, present owner of the Island park property, and successor in title to the grantor in the deed in suit. Both Island park and Lakeside park have been in existence

as amusement parks for about thirty years. The question here is, did the parties to this deed intend by the words used to reserve a right of way or did they intend to except and take out the fee of the roadway? Gerard Titles to Real Estate (5th ed.), 554; *Beardslee* v. *New Berlin Light & Power Co.,* 207 N. Y. 34.

In construing a conveyance of real estate every reasonable intendment must be resolved in favor of the grantee, and where there exists an ambiguity, or there are two descriptions which are to some extent contradictory, by one of which the fee of the street would be included, and the other standing alone would indicate an intent to exclude the fee of the street, effect will be given to the description which, from the contemporaneous acts of the parties and the situation of the property as it existed at the time of the conveyance, appears best to carry into effect the intention as thus ascertained.    *Potter* v. *Boyce,* 73 App. Div. 383; 9 C. J. 200.

And the question whether or not the fee of a road passes is a question of intention, which justifies the courts in looking beyond the mere words of description, and considering the situation of the property, the circumstances under which the deeds are made, and the purpose sought to be affected.    *Matter of City of New York* (*Jerome Avenue*), 120 App. Div. 297, citing *Potter* v. *Boyce, supra.*

The dealings and conduct of any of the parties who are successors in title to the parties to this deed may also be considered in arriving at the meaning of this clause.    *Wilson* v. *Ford,* 209 N. Y. 186, 198.

The presumption is that the soil of a right of way between two properties belongs to the owners of the property and this presumption is not affected by the fact that the way leads to a third close and is used only by the owner thereof.    *Smith* v. *Howden,* 14 C. B. (N. S.) 398.

The question arises what is the intent of such a grant? This depends upon the intention of the parties as gathered by the terms of the deed, the situation of the land, and where there is doubt as to the intent, from the practical construction of the grantor and grantee and their successors in title.    The same reasoning applies to this case as in the case of a grant of land bounded by an existing street; in such case the presumption is that the deed carries the fee to the center, because a narrow strip, such as half a street, is much more valuable to the grantee than to the grantor and the parties are supposed to have so dealt with the property as to bring out its greatest value.    *Matter of La Due,* 118 N. Y. 213, 219.

Ordinarily, the grant of an easement implies a reservation of the fee, and where no privilege of user is given it indicates that none was deemed necessary by the parties.    *Matter of La Due, supra,* 223.

I think the clause in question must be construed as a reservation. The clause preceding it reads: " this conveyance is intended to convey all the land lying east of the new outlet south of the south line of Van Middlesworth west of the center of Owasco Lake Road and north of Owasco Lake." Surely here is evinced intention to yield total and absolute title, possession and estate of all lands coming within these lines; and immediately following a most careful and complete description by metes, bounds and surveyor's measurements and observations; it was no doubt intended to characterize and establish the intent and understanding of the parties, and is of outstanding value as testimony in the case.

Again I am impressed by the fact that this clause is a sentence forming a part of a paragraph devoted wholly to the description of the premises, and is its final word. And I further note the absence from this paragraph of any of the familiar terms usually employed when an exception is designed. 8 R. C. L. 1096.

So, also, it might be asked, why if these parties intended excepting the fee to this roadway, are there no provisions in the deed for its use by the grantee or that it be allowed to cross over it in gross or at indicated point or points, or that it be kept open or how far closed, so as not to modify in all respects the grantee's full use and enjoyment of its purchase?

Another significant fact is that the clause here to be construed is made a part of a new and separate paragraph, and the particular words used in limiting and relating it to the preceding parts of the deed, thus: " The aforesaid premises are *subject to* the foregoing reservations, easements, contracts and reservations, to-wit:" Can it be said that the words " subject to " are words of exception or taking out? I think not; on the contrary, the term means " charged with " or " subservient to;" nor is it equivalent to the term " upon condition." 7 Words & Phrases, 6712.

Can it be claimed that the words " reservations," " contracts," " easements " should be given such interpretation? These terms in such place not only cannot affect a transfer of the fee but only mean as they plainly say, the reserving of something issuing out of the thing granted; that is, an easement in the road. *Beardslee v. New Berlin Light & Power Co., supra.*

And now may we consider a moment the practical construction put on this conveyance by the conduct and dealings of the grantor and grantee and their successors in title. *Matter of La Due, supra,* 219; *Wilson* v. *Ford, supra.*

The deed itself plainly speaks of the contemplated use of both properties as vacation parks. Its many restrictions as to use;

7

and the covenants by the grantee to build an electric railroad and the various details set up, and the forfeitures provided amply support this conclusion. So it is not strange that the proofs show that the railroad was completed and has been operated ever since, and that these respective premises have been used from then to now for these purposes, the railroad serving both, and each being to a greater or lesser extent the competitor of the other.

Through all these years this strip of land has been used only as a highway. And no use of it or attempt, or claim of right, to use it, or any part of it, for any other purpose, or in any wise inconsistent with the plaintiff's ownership of the fee of it, appears in the testimony.

The composition of the description is another feature properly consulted. May it not be urged that a separate description of each parcel would have been the method adopted had it been intended to take out the fee of the roadway? If it stands as an exception, is it not repugnant to the grant, each being of the fee? As Mr. Washburn in his work on Real Property says: " The exception must not be repugnant to the grant. * * * But to grant a pasture and meadow, excepting the meadow, would be repugnant and void." 3 Washb. Real Prop. (3d ed.) 370; 8 R. C. L. 1095.

If this clause was intended as an exception of the fee, the grantee and his successors could at any time have excluded the owners of Lakeside park from this road. Surely this was not contemplated by the original parties to the deed; nor can its occupation by refreshment vendors in competition with the Lakeside park owners have been in the minds of the parties at the time. It is more reasonable to say, I think, that, as is usual in such cases, the owner of the Island park property only desired to retain to that property a right of way across the lands conveyed.

The distinction between an exception and a reservation in a deed is, that a reservation is something *issuing* out of the thing granted while an exception is a part *taken* out of it. A right of way or easement is something issuing out of the thing granted while the fee is the thing itself. The characteristic terms of this clause are " subject to," " reservations " and " easements," each of which import a reservation, not an exception, a thing issuing out of and not the thing itself. They are words of limitation, restriction and condition and not words of conveyance or exception.

So upon all of these considerations plaintiff must have judgment. No costs.

Judgment accordingly.