Marcus G-. Christ, J.
Motion and cross motion for summary judgment in an action for specific performance for the sale of real estate.
By deed dated May 2, 1957, property located at the corner of the northeasterly side of Jerusalem Avenue and the southeasterly side of Meadowbrook Road was conveyed by the defendants Verity to the plaintiffs Lanzillotta. The defendant County of Nassau has taken a part of the premises along Jerusalem Avenue in condemnation proceedings — a strip 13.7 feet deep at Meadowbrook Road and 12.3 feet deep, 114.5 feet to the east on Jerusalem Avenue.
The controversy herein is concerned with the award in the condemnation proceedings — should the present owners, the Lanzillottas, or their grantors, the Veritys, receive the award?
The deed from the Veritys to the Lanzillotas conveyed all of their right, title and interest in the property described by the deed plus the right, title and interest of the grantors in any street abutting the described premises. The contract, dated March 22, 1957, provides further that “ This sale includes all right, title and interest, if any, of the seller in and to any land lying in the bed of any street, road or avenue opened or proposed, in front of or adjoining said premises, to the center line thereof, and all right, title and interest of the seller in and to any award made or to be made in lieu thereof and in and to any unpaid award for damage to said premises by reason of change of grade of any street; and the seller will execute and deliver to the purchaser, on closing of title, or thereafter, on demand, all proper instruments for the conveyance of such title and the assignment and collection of any such award. ’ ’
The defendants Verity claim, however, that the strip involved was never owned by them for in the deed (Nov. 20,1950) to them by the Planned Homes, Inc. it was provided ‘ The party of the first part reserves herein for itself, its successors and assigns, the right to convey the southerly twelve feet, fronting on *464 Jerusalem Avenue, of the within described premises to the Town of Hempstead and/or the County of Nassau for highway purposes only, and the parties of the second part for themselves, their heirs and assigns, herewith agree to join in the execution of such deed of dedication to such portion of said premises without making any charge for so doing, and hereby sign and acknowledge this instrument for that purpose only.”
This provision does not except from the conveyance the 12-foot strip. It merely reserves the right to grant an easement in such strip. As stated in Beardslee v. New Berlin Light & Power Co. (207 N. Y. 34, 39) “ A reservation is something taken back from what has been granted, but that which is excepted is not granted at all. ”
The 12-foot strip was not only included in the' conveyance to the Veritys but the reservation was invalid. To quote again from the Beardslee case (supra, p. 39): “ It is elementary law, stated in every text book on the subject, that a reservation or exception in favor of a stranger to a conveyance is void or inoperative.” As an attempt to reserve an easement for highways purposes in favor of the public would be invalid it follows that a reservation of the right to grant an easement is also invalid. The Veritys as grantees under the deed containing the reservation could question the validity of the reservation and so may the Lanzillottas to whom the Veritys had conveyed all their interest in the property (Beardslee v. New Berlin Light & Power Co., supra, p. 41).
Accordingly, it is held and adjudged that title to the strip was conveyed to the plaintiffs and the condemnation award should be paid to them. Such strip was not, however, “ in the bed of any street, road or avenue opened or proposed, in front of or adjoining said premises ” and therefore the provision in the contract for the execution and deliverance to the purchaser “ on closing of title, or thereafter, on demand ” of all proper instruments ‘ ‘ for * * * the assignment and collection of any * * * award” is inapplicable. The answer of the defendants Verity is stricken, their motion for summary judgment is denied and summary judgment granted in favor of the plaintiffs to the extent indicated on the cross motion.
Settle order on notice.