Donald S. Taylor, J.
This action instituted pursuant to the provisions of article 15 of the Beal Property Law was tried before the court without a jury.
The following facts were established on undisputed evidence. By deed dated May 27,1933 one Mildred Bergeron acquired title to the following described premises: “ All that piece or parcel of land situate in the City of Hudson, in the County of Columbia and State of New York, on the northeast corner of Warren and Fourth Streets and bounded southerly in front by Warren Street, Westerly by Fourth Street and Easterly by premises of the heirs of Alexander Macy, deceased, being fifty feet in width in front on Warren Street and holding the same width extending back northerly one hundred and twenty feet to Prison Alley.” By deed dated March 29,1943, said Bergeron conveyed to one Aime Bergeron a portion of the above-described premises bounded and described therein as follows: ‘ ‘ All that certain lot of land with the buildings thereon, known as Nos. 10 and 12 North Fourth Street, located on the Easterly side of Fourth Street, in the City of Hudson, County of Columbia and State of New York, together with the right to use the land in the rear for ingress and egress to and from said properties, not, however, to interfere with the use of the said premises bp the owner of the Plaza Hotel and No. 8 North Fourth Street.” (Emphasis supplied.) One Aime Leonard, who derived his title by inheritance from said Aime Bergeron, by deed dated July 18,1957 conveyed to plaintiffs by identical description the premises last above described including the easement of right of way referred to therein. On June 10, 1943 the aforesaid Mildred Bergeron conveyed the remainder of the premises which she had acquired by deed dated May 27,1933 to defendants who are presently the owners thereof. Her deed described the property thus conveyed as follows: u All that piece or parcel of land situate in the City of Hudson, in the County of Columbia and State of New York, on the northeast corner of Warren and Fourth Streets and bounded southerly in front by Warren Street, westerly by Fourth Street, northerly by Prison Alley and easterly by premises of the heirs of Alexander Macy, deceased, being fifty feet in width in front on Warren Street and holding the same width extending back northerly one hundred and twenty feet to Prison Alley. * * ~ excepting and reserving, however, from this conveyance two parcels of land, being Numbers 10 and 12 North Fourth Street, in the City of Hudson, County of Columbia and State of New York, located on the easterly side of North Fourth Street in said city.” The premises thereby conveyed are referred to in the easement contained in the deed *26 from Mildred Bergeron to Aime Bergeron as u the Plaza Hotel and No. 8 North Fourth Street ” and were and are used, at least in part, for business purposes. Lots 10 and 12, bounded on the west by North Fourth Street and on the north by Prison Alley, together are about 43 feet in length, 20.5 feet in width and are improved by buildings used for residential purposes which cover their entire area. Soon after acquiring title, defendants constructed a garage on the rear portion of their premises which fronts Prison Alley, the nearest part of which is 13.5 feet distant from the rear of plaintiffs ’ buildings.
It thus appears that the parties derived their respective titles from a common grantor. The subject of their controversy is the extent of the easement of right of way contained in the deed dated March 29,1943 from Mildred Bergeron to Aime Bergeron and reiterated in the instrument by which title was acquired by plaintiffs. Plaintiffs sue for a judgment declaring their right to use, as a means of ingress to and egress from their premises, all of defendants’ abutting property which lies easterly of the rear of plaintiffs’ premises which has a width of 20.5 feet and a length roughly of 43 feet. Implemental relief to remove any encroachments thereon, principally defendants’ garage, is also sought. That plaintiffs have an easement over their premises is not questioned by defendants. Only its extent do they contest. Essentially, their counterclaims seek adjudications to that effect.
The easement in question was created by express grant. It was not bounded except as it was limited to the use indicated. Where the right of way is not specifically defined, as is the case here, the general rule of construction is that the reservation must be construed as referring to such right of way as is necessary and convenient for the purpose for which it was created. The language of Grafton v. Moir (130 N. Y. 465, 471) is appropriate:
“ Thus we have a right of way reserved, but not specifically defined and the rule in such cases is that the way need be only such as is reasonably necessary and convenient for the purpose for which it was created. (Atkins v. Bordman, 2 Metc. 457; Bliss v. Greeley, 45 N. Y. 671; Bakeman v. Talbot, 31 id. 366, 370; York v. Briggs, 7 N. Y. S. R. 124; Maxwell v. Mc Atee, 48 Am. Dec. 409; Rexford v. Marquis, 7 Lans. 249; Matthews v. D. & H. Canal Co., 20 Hun, 427; Spencer v. Weaver, Id. 450; Tyler v. Cooper, 47 id. 94; affirmed, 124 N. Y. 626; Washburn on Easements, 244; Goddard on Easements, 333.)
“ When the right of way is not bounded in the grant, the law bounds it by the line of reasonable enjoyment. The defendant, *27 as owner of the land, has the right to use it in any way that he sees fit, provided he does not unreasonably interfere with the rights of the plaintiff.”
Moreover, it is clear that no more than was necessary for the enjoyment of the easement as a means of access to plaintiffs’ premises from Prison Alley was intended to be granted. Readily this may be gathered not only from the language of the instrument itself but also from the extrinsic facts in the record which disclose the location, size and situation of the lands affected by the grant, the nature and use of the improvements thereon and the practical construction which defendants and plaintiffs’ predecessors in title have placed on the instrument for a long period of years. (Auburn & Syracuse Elec. R. R. Co. v. Headley, 119 Misc. 94, affd. 206 App. Div. 653.) It is equally plain that the erection of defendants’ garage has not interfered with the reasonable use of the easement and its removal is not indicated.
An unobstructed right of way over defendants’ premises 12 feet in width beginning at Prison Alley and running thence southerly along the easterly line of plaintiffs’ premises for their entire length of about 43 feet is all that is reasonable and necessary to suffice the purposes of the grant and a declaratory judgment to this effect accordingly is granted. (Dalton v. Levy, 258 N. Y. 161, 167.)
The defendants’ motion made at the end of plaintiffs’ ease, on which decision was reserved, is denied with an appropriate exception.