HESTAND et ux. v. JOHNSON COUNTY.

No. 2759.

Court of Civil Appeals of Texas. Tenth District. Waco.

Nov. 24, 1947.

H. M. McPherson, of Cleburne, for appellants.

Jack C. Altaras, of Cleburne, for appellee.

LESTER, Chief Justice.

The question involved in this suit is whether a narrow strip of land alleged to be owned by the appellants has been dedicated to the public as a roadway.

Appellee first pleaded that the portion of the land in dispute herein had been openly, exclusively, continuously, adversely and notoriously used and claimed by Johnson County and the public in general as a public roadway for a period of ten years or more, and that they had acquired an easement over the same by prescription. The County also pleaded in the alternative that the County of Johnson and the public in general acquired an easement over that portion of the road obstructed by implied dedication on the part of the record owner, Mrs. R. B. Dyer.

The court submitted the case to the jury upon two issues, as follows:

"Special Issue No. 1: Do you find from a preponderance of the evidence that the land described in plaintiff's petition has been dedicated as a public road?" To which the jury answered: "Yes".

In connection with Special Issue No. 1 the court gave the following definition:

"(a) By the term 'dedicate' as used in the above question is meant: (1) that the owner or owners set apart the use of said land permanently to the public for use as a public road; and (2) that the public took over and used the same as such."

"Special Issue No. 2: Do you find from a preponderance of the evidence that the public has made adverse use of the strip of land described in plaintiff's petition as a public road for a period of ten years or more continuously before the new fence was built in 1946?" To which the jury answered: "No".

In connection with Special Issue No. 2 the court gave the following definition: "By the term 'adverse use' as used in the above question is meant an actual and visible appropriation of the use of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another."

The appellants made no objection to the charge nor requested the court to submit any additional issues. After the verdict appellants filed a motion for judgment non obstante veredicto, which the court overruled. There is no showing in the record that appellee's counsel appeared at the hearing of said motion or that he had any notice thereof. Based upon the answers of the jury to the two special issues, the court rendered judgment for the appellee, in which he perpetually and permanently enjoined the appellants from actual, threatened or contemplated obstruction of any portion of the road described and ordered any and all obstructions placed on any portion of said public road removed.

A roadway has run for several years through the tract of land now owned by appellants and a curve in the road at the place in question here was formed or created by waters from a creek that ran up to the road from the south side. During heavy rains the road would cave off on that side. At first this curve was slight, but on account of recurring washouts this curve has continued to expand and the road has been moved over to the north several feet. As the cave-offs would occur mud holes were created and the traveling public, in order to avoid them, would travel farther north, which practice has continued until the public is now traveling farther north from where they originally traveled by approximately 15 to 20 feet. From the evidence it appears that the greatest cave-in occurred in the spring of 1939, which was approximately 12 ft. in width, and there is testimony that the road has caved off gradually since that time and that the road has been extended to the north three or four feet within the last six months prior to the time appellants erected their fence. The county road employees who maintained this road in 1939 after the cave-off, as they have since when working the road after heavy rains, graded farther out from the north side in order to obtain more land for a wider roadbed. They did so without requesting the permission of the person or persons who owned the land. Appellants, in 1945, bought the land from Mr. and Mrs. R. B. Dyer, and shortly thereafter they requested the commissioners court to straighten the road by placing it back to the south where it was prior to the 1939 cave-off. This the court refused to do, so appellants proceeded to fill in on the south side and straighten the road out, and fenced in the portion of the land on the north that had been taken over by reason of the cave-offs and mud holes.

Appellants' first proposition is that the evidence was insufficient to raise the issue of dedication. Under Rule 274, Texas Rules of Civil Procedure, by not directing any exceptions to the charge, appellants have waived all of their propositions except the one challenging the sufficiency of the evidence to raise the issue of dedication. This question they are permitted to raise under Rule 279, T.R.C.P. The jury having found that the public had not made adverse use of the land described in appellee's petition as a public road for a period of ten years or more continuously before appellants built their fence, and which finding is not challenged here, we have considered the sufficiency of the evidence to raise the issue of implied dedication, and after having done so, we are of the opinion that it is not sufficient to establish one of the main elements of dedication, and that is the intention on the

part of the landowner to dedicate. Before it can be held that a person has dedicated his land to the public for highway purposes, it must be established by facts showing a clear intent on his part to do so. It being the contention on the part of the appellee that this is a case of implied dedication, in such cases intent must be shown by some act, as distinguished from words, or if by words, then by words which do not constitute a forthright dedication but only a statement from which the intention must be inferred, and such act or words must be sufficient to clearly and unmistakably create the inference that the owner intended to dedicate the land absolutely and irrevocably to the use of the public. 14 Tex. Jur., p. 685, sec. 3, and pp. 692 and 693, secs. 8 and 9; 26 C.J.S., Dedication, § 11, and § 15; Ramthun v. Halfman, 58 Tex. 551, point p. 553; Boone v. City of Stephenville, Tex.Civ.App., 37 S.W.2d 842; Ladies Benev. Soc. v. Magnolia Cemetery Co., Tex. Civ.App., 268 S.W. 198, point p. 211; Cockrell v. City of Dallas, Tex.Civ.App., 111 S.W. 977, point p. 978; City of Pearsall v. Crawford, Tex.Civ.App., 213 S.W. 327. The record before us fails to reveal any evidence of any declaration or act on the part of any landowner that would imply that he intended to dedicate to the public, irrevocably, the land in question. There is not one word in the record as to who were the owners of this tract of land during the time that is involved in this case, or the length of time each owner owned the same, except James A. Gillock and wife, and they, on February 28, 1941, deeded the tract to Mrs. Lena Dyer, and on August 6, 1945, Mrs. Lena Dyer and husband deeded it to appellants. There is evidence that after each washout the public would travel farther to the north side of the road at the place in question and the road maintenance men would also grade and drag over farther to the north and take in new and additional land for the road; but there is not sufficient evidence to show that any owner agreed to it or consented to it with the intent to dedicate that portion to the public. In fact, there is no evidence that any landowner had any actual knowledge of such conduct on the part of the public or the County.

In some instances dedication can be presumed, but such presumption cannot prevail without evidence of some facts or circumstances clearly warranting such presumption, and the same must be established by some act and declaration of the owner of such public and deliberate character as to make it generally known and not of doubtful intention. As a rule, presumption does not exist from mere proof of public user alone, but, as heretofore stated, there must be evidence of some act or declaration or a course of conduct on the part of the alleged dedicator indicating an actual intent to dedicate his land to the public. The jury found against the County on its issue of prescription, and under all the evidence we feel that the presumption of permissive use should prevail, rather than the presumption to dedicate. 26 C.J. S., Dedication, § 44.

Appellee alleged that Mrs. R. B. Dyer, as the record owner, dedicated the land in question to the public. This tract of land was deeded to Mrs. Dyer and she executed notes for part of the purchase price, but there is no stipulation in the deed that it was conveyed to her as her separate property and there is nothing in the record to prove that it was such, so we are bound to presume that it was community property. The husband, under the laws of this state, has control of the community property and the wife does not have the authority to dedicate it to the public use without some proof of agency or authority from her husband to do so, and any act on the part of the wife showing an intention on her part to dedicate the land is not binding on him without proof he authorizes such conduct, or later, in some manner, ratifies the same. Appellee having alleged dedication, the burden was upon it to prove that the dedicator had authority to dedicate as well as the intent to do so. 26 C.J.S., Dedication, § 44; Chenowth Bros. v. Magnolia Petroleum Co. et al., Tex.Civ.App., 129 S.W.2d 446.

We feel that the evidence failed to show a clear intent upon the part of the owner to dedicate all of the land described in appellee's petition to the public as a highway. Therefore, the judgment is reversed and the cause remanded.