**GREENWAY PARKS OWNERS ASSO-CIATION, Petitioners,**

v.

**CITY OF DALLAS, Respondent.**

No. A–6580.

Supreme Court of Texas.

July 16, 1958.

Rehearing Denied Oct. 1, 1958.

Bowyer, Thomas, Crozier & Harris, William W. Sweet, Jr., Connie C. Renfro, Dallas, for petitioners.

Henry Kucera, City Atty., Dallas, for respondent.

Henry D. Akin, Dallas, for Mrs. Rhea Clark.

CULVER, Justice.

In its second motion the City of Dallas challenges the statement in our original opinion to the effect that the City had the right to annex the addition without the consent of the property owners. The statement is incorrect. What we should have said is that the City had the right to annex without a formal election on the part of the landowners. We do take judicial notice of city charter provisions but these had not heretofore been called to our attention. It was not until 1945 that the City Council acquired, by charter amendment, the power to annex without the consent of the territorial inhabitants. But this in no way alters our conclusion that the vote for annexation by the property owners is not a vote to abandon the maintenance charge as a matter of law. The trial court impliedly found that the property owners had not voted to discontinue that charge.

The facts about the so-called election seem to be that a meeting of the property owners was called to consider the annexation of the addition to the City of Dallas or to the City of University Park or to the City of Highland Park. The meeting was attended by from 50 to 75 property owners and a majority of those present voted for annexation to Dallas. There was no discussion of the maintenance charge and no action was taken on that matter expressly one way or the other. The record does not reveal how many property owners there were in the addition at that time, nor how the vote stood. So that the evidence does not show that even a majority of all of the property owners in the area voted at that meeting for the annexation proposal.

At any rate we think there is a difference between a vote for annexation and a vote to abolish the collection of the maintenance charge. In our view there is nothing inconsistent about the owners agreeing for their property to become a part of the City of Dallas on the one hand, and the paying of a maintenance charge on the other, for the upkeep of private property in which the property owners of the subdivision have joint rights of user. In fact the maintenance charge has been levied and collected both before and after annexation and up

to the present time and there is nothing in the record to indicate that this action has not at all times been taken with the consent and acquiescence of a majority of the owners. Actually the converse would seem to be true, though some have indeed objected and refused to pay.

The City's second motion for rehearing is overruled.