**CITY OF GARLAND, Texas, Appellant,**

v.

**S. H. LYNCH & ASSOCIATES, Appellee.**

**No. 16895.**

Court of Civil Appeals of Texas.

Dallas.

March 17, 1967.

Cary Young, City Atty., Garland, for appellant.

Max Rosenfield, Mike McKool, of Mc-Kool, McKool & Jones, Dallas, for appellee.

BATEMAN, Justice.

This suit was brought originally in the district court by appellees as owners of a strip of land in the City of Garland, Texas, 30 feet wide and 490 feet long. Alleging that the appellant, City of Garland, had entered upon the premises and begun construction of a public street thereon, the appellees sued, not only for possession and removal of cloud on their title, and for damages, but also for injunction restraining appellant from further entering upon the premises and continuing the construction work thereon. The appellant answered with a plea of not guilty, a general denial, and a special plea that the appellees had impliedly dedicated the land to the public for street purposes. By counterclaim the appellant also pled, in the alternative, as authorized by Vernon's Ann.Civ.St., Art. 3269, its right to take the land by eminent domain for public street purposes.

At the end of a nonjury trial, the trial court decreed the appellees to be the owners of the land; that appellant recover an easement for public street purposes, upon, over and across the land, and awarding to appellees $6,615 as compensation therefor. Findings of fact and conclusions of law were filed, including findings of no dedication of the land by the appellees and no acceptance of any dedication by appellant.

By its first point of error on appeal the appellant says the trial court erred in determining that appellees had not dedicated the land for street purposes. The only evidence relied on by appellant to establish such dedication was the execution by appellees of two deeds, one in 1959 and the other in 1960, by which they conveyed to various individuals certain acreage lying west of Shiloh Road. These deeds conveyed the land by metes and bounds and each referred to the east boundary thereof as being the "west line of Shiloh Road." The description in each deed, however, was such as to leave the strip 30 feet wide and 490 feet long lying between the acreage conveyed and Shiloh Road. It is appellant's theory that by giving the deeds mentioned the appellees sold the properties to the grantees therein upon the representation of frontage of the properties on Shiloh Road, and that, since appellees knew the deeds would be placed of record, they also thus represented to the public that the properties conveyed fronted on Shiloh Road. Appellant then argues that appellees are estopped to deny their dedication of the land.

In determining whether the trial court's findings are supported by any evidence of probative value, we give credence only to the evidence favorable to the findings, disregarding all evidence to the contrary. The findings of fact and the conclusions of law will be construed together, and if the fact findings are susceptible of different constructions, they will be construed, if possible, to be in harmony with the judgment and to support it. Brown v. Frontier Theatres, Inc., Tex.Sup.1963, 369 S.W.2d 299, 301.

Moreover, we are bound by the trial court's findings of fact supported by evidence, and they must be upheld unless manifestly erroneous. We are authorized to overrule them only when they are not supported by any evidence of probative force or are so against the weight and preponderance of the evidence as to be obviously wrong. Bavousett v. Bradshaw, Tex. Civ.App., 332 S.W.2d 155, 159, wr. ref. n. r. e., and cases cited therein.

There was ample evidence to support the findings of no dedication and no acceptance. In 1965, several years after the above mentioned deeds were given, the appellant endeavored to obtain from appellees a conveyance of the property in question, but appellees refused to sign it. On August 3, 1965, appellant's city council passed an ordinance assessing the owners of property abutting on Shiloh Road certain amounts as the estimated cost of paving improvements on Shiloh Road, in which ordinance the appellees were assessed $1,715 because of their ownership of this tract. These events, occurring five and six years after execution of the deeds relied upon by appellant, are quite inconsistent with appellant's theory of implied dedication in the giving of the deeds.

Appellant relies on Owens v. Hockett, 151 Tex. 503, 251 S.W.2d 957, wherein the Supreme Court held that the facts of that case justified a jury in finding that a dedication had been made. However, the facts in that case were quite different from those in the case before us, and we do not regard that opinion as controlling here. However, that opinion does set out quite concisely the rules pertaining to implied dedication of land to public use, including the following, at 251 S.W.2d 958:

"Our courts recognize the doctrine that a dedication of land to public use need not be shown by deed, nor by public use for any particular length of time. It is sufficient if the record shows *unequivocal acts or declarations* of the landowner, dedicating same to public use, and where others act on the faith of such dedication, the landowner will be estopped to deny the dedication, or to make any future use of the property inconsistent with any purpose for which the land was dedicated." (Italics ours.)

■ However, there is no dedication by estoppel or implication unless there is a clear and unequivocal intention on the part of the landowner to dedicate the land to public use and an acceptance thereof by the public. Greenway Parks Home Owners Ass'n v. City of Dallas, 159 Tex. 46, 312 S.W.2d 235, 241, 316 S.W.2d 74. See also Hestand v. Johnson County, Tex.Civ.App., 206 S.W.2d 665, no wr. hist.

There is nothing in the record before us to show that appellees intended to dedicate this strip to the use of the public. Moreover, there is nothing in the record before us to indicate that either of the grantees in the two deeds or the officials of the appellant ever took the position (prior to the filing of appellant's pleadings in this case) that such a dedication had been made or, if made, that appellant had in anywise accepted the same; there is no evidence that any part of the strip had ever been used for street purposes or for any other public use, or that any effort was made by appellant to put it in condition to be used as a street until the beginning of the construction work which prompted the filing of this suit. Appellant's first point of error is overruled.

By its second and third points of error appellant says that there was no evidence, and insufficient evidence, to support the trial court's award of $6,615.

■ Appellees' two expert witnesses on values, Roy Eastus and Wayne Gratigny, opined that the strip in question, consisting of 14,700 square feet, had a market value of 75 cents per square foot, or a total of $11,025. The appellant's witness, Charles Marr, testified that in his opinion the property had a market value of only $100.

Thus, both sides admitted the property did have some market value. The trial court heard the expert witnesses and found a value which was well within the range of their testimony. He was in much better position than are we to determine the fact issue thus presented. We might not have found the value of the strip of land in question to be as high as he did, but that was his prerogative, not ours. Our only duty in this connection is to ascertain whether the trial court's determination of the matter is supported by evidence. We overrule appellant's contention that there was no evidence, and after studying the entire statement of facts we cannot say that the evidence is insufficient, to support the finding or that the finding is so against the great weight and preponderance of the evidence as to be manifestly unfair or unjust. Accordingly, appellant's second and third points of error on appeal are overruled. City of Lubbock v. Thiel, Tex.Civ.App., 352 S.W.2d 799, wr. ref. n. r. e.

■ By its fourth point of error appellant complains of the admission of the testimony of appellees' expert witness, Roy Eastus, concerning sales of other properties in support of his opinion as to the value of the land involved in this case. After qualifying their witness Roy Eastus and eliciting from him his opinion as to the value of the land taken, appellees' counsel asked him if this was based upon other sales in the immediate area, to which appellant's counsel objected on the ground that any sales in the immediate area could not possibly be comparable because they were of property on which industrial plants could be located, whereas none could be located on a 30-by-490 foot strip. This general objection was overruled, and the witness then proceeded to testify as to several sales of industrial land in the general area. No further objections were made by appellant. We overrule appellant's fourth point of error. The objection went to the weight of the testimony rather than to its admissibility. Hays v. State, Tex.Civ.App., 342 S.W.2d 167, wr. ref. n. r. e.

The judgment appealed from is

Affirmed.