**Gary Daniel BASS, Appellant,**

v.

**McCLUNG ROOFING CO., INC., et al., Appellees.**

**No. 18021.**

Court of Civil Appeals of Texas, Fort Worth.

Nov. 30, 1978.

Opinion on Motion for Rehearing Dec. 28, 1978.

Pace, Chandler & Rickey, and Jonathan A. Pace, Dallas, for appellant.

Simon & Simon, and Robert M. Doby, Jr., Fort Worth, for appellee McClung Roofing Co.

William D. Campbell, Fort Worth, for appellee Jay Jackson Automotive.

## OPINION

HUGHES, Justice.

Gary Bass has appealed from the take nothing judgment of the trial court in favor of McClung Roofing Company, Inc., and Jay Jackson Automotive. Bass sued for damages arising out of the collision of McClung's truck with Bass' auto. Custody and control of the truck was alleged in Jackson as of the time of the collision.

Trial court, without a jury, found: McClung was not "negligent in parking the truck at its location prior to the collision"; that Bass failed to prove McClung's employees "failed to secure the truck prior to collision"; that Jackson's employee "was negligent in failing to secure the truck just

prior to the collision"; that such negligence "was a proximate cause of the collision"; that Bass proved the market value of the auto immediately before the collision, but failed to prove the reasonable cost of repairs necessary to restore the auto to its condition before the collision or the market value of the auto immediately after the collision. These last findings are the basis for Bass' appeal.

We reverse and remand.

■ We hold the trial court erred in finding that Bass failed to prove market value in Tarrant County after the collision. We have considered the entire record before us and agree with Bass' second point of error that this finding is so against the great weight and preponderance of the evidence that it is reversible error. This judgment is the subject of several other points and crosspoints of error. We have considered each of them and each is overruled. Because we are remanding this case, we feel it is unnecessary to discuss any facts except those connected with the point on which we are reversing.

The trial court's finding that Bass failed to prove market value after the collision meant that Bass proved all elements of his cause of action except damages. Therefore, the issue in this appeal is whether by proof of the price he received for salvage, Bass proved market value after the collision and hence, proved damages.

Bass's pleadings asserted that the auto was totally demolished and wrecked; that the cash market value on the date of the collision was $4,000.00; that he had recovered $1,247.50 as salvage, and therefore his damages were $2,752.50. This amount is the difference in the reasonable cash market value of his auto immediately before and immediately after the collision at the time and place of the collision. He pled alternatively that this amount also represented the reasonable and necessary costs of repair.

We conclude from the record that all parties tried the case on the theory that the car was a total loss. Wayne Edinburgh, an insurance adjuster in Fort Worth for plaintiff's insurance carrier, testified that his company declared it a total loss. This testimony was elicited by defendant, McClung, on cross-examination. It was not contradicted by either defendant. The statement in proof of loss signed by Bass showing actual loss and damage to the Corvette to be $3,300.00 was admitted in evidence by McClung without objection. This amount was found by the judge to be the cash market value immediately before the collision. Jackson did not question Edinburgh on this point.

Mrs. Bass witnessed the accident and testified to the extensive damage sustained by the auto. She photographed the auto the evening of the accident. These photographs were introduced into evidence without objection. She testified that they correctly and accurately portrayed the damage immediately after the accident, except for some damage under the hood. The photographs in the record show extensive damage. She also testified to individuals who sought to purchase the auto after the collision in order to salvage parts from it.

Both of these witnesses testified that the auto was sold as salvage and to the net amount obtained. Edinburgh testified it was sold in a salvage pool to the highest bidder. While he was not directly asked if the sale took place in Tarrant County, the location can be inferred from his testimony that it was the Tarrant County Salvage Pool on Mansfield Highway. The defendants did not object to evidence of salvage nor did they offer evidence that plaintiff could have obtained more in salvage or in some other way mitigated his damages.

■ Generally, the measure of damages for injury to a vehicle is established by proof of the vehicle's market value immediately before and immediately after the injury at the place it occurred. Where the vehicle is a total loss, the measure of recovery is its market value on the date of the loss at the place of loss. 17 Tex.Jur.2d *Damages* §§ 92, 93 (1960). Another way of expressing the measure of damages in cases where the vehicle cannot be repaired is that

it is the difference between market value before the accident and the salvage value of the wreckage. 8 Am.Jur.2d *Automobiles and Highway Traffic* § 1042 (1963). *Government Employees Ins. Co. v. Hanna,* 219 S.W.2d 122 (Tex.Civ.App.—Fort Worth 1949, writ ref'd n. r. e.).

■ Where a vehicle is a total loss, the only market value it has is what it would bring as salvage. We take judicial notice of the fact that at the time of this collision and trial, Tarrant County had a salvage market for wrecked autos. We hold here that evidence of what was obtained for salvage was some evidence of market value. The amount Bass obtained as salvage was admitted without objection. Under these circumstances, the court erred in finding that no market value was established immediately after the collision.

■ We are authorized to overrule a trial court's fact findings only when they are not supported by any evidence of probative force or are so against the great weight and preponderance of the evidence as to be obviously wrong. *City of Garland v. S. H. Lynch & Associates,* 413 S.W.2d 480 (Tex. Civ.App.—Dallas 1967, no writ). In considering points of error asserting that evidence is insufficient, the court of civil appeals must consider all the evidence and should remand for a new trial only if the verdict is so contrary to the great weight and preponderance of the evidence so as to be manifestly unjust. *In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

We overrule the trial court's finding that Bass failed to prove market value in Tarrant County immediately after the collision. The effect of this finding was that Bass failed to prove damages. Such finding is so against the great weight and preponderance of the evidence as to be obviously wrong. We remand for a new trial because the error led to a judgment that was manifestly unjust.

McClung argues the finding that he was not negligent should be upheld, and that error, if any, was not sufficiently material to require reversal of that portion of the judgment rendered in his favor. Even though the error found only affected damages, the entire cause of action must be remanded for a new trial on all issues since liability was contested. In such a situation, damages alone cannot be retried. Tex.R. Civ.P. 434.

Judgment is reversed and remanded for a new trial.

## OPINION

## ON MOTION FOR REHEARING

■ Appellee McClung's motion for rehearing is granted. The recent amendments to Tex.R.Civ.P. 434 permit us to order a partial new trial when the issues are clearly severable and the new trial can be conducted without unfairness to the parties. Because the reversible error did not affect the trial court's verdict in favor of McClung, and the issues as to him are separable, we hereby modify our previous opinion and judgment. The portion of the trial court's judgment in favor of McClung is severed and affirmed. The portion of the trial court's judgment that Bass take nothing is reversed and remanded for a new trial for the reasons previously stated in our opinion.