**HI FASHION WIGS PROFIT SHARING TRUST and Hi Fashion Wigs Retirement Plan, Appellant,**

v.

**HAMILTON INVESTMENT TRUST, Appellee.**

No. 5254.

Court of Civil Appeals of Texas, Eastland.

March 1, 1979.

Lawrence Fischman and J. Kathryn Lindauer, Weil, Craig & Fischman, Dallas, for appellant.

Louis B. Paine, Jr., and C. Andrew Wooley, Butler, Binion, Rice, Cook & Knapp, Houston, Wynne & Jaffe, Dallas, for appellee.

RALEIGH BROWN, Justice.

This is a usury suit. Hi Fashion Wigs Profit Sharing Trust, an Oklahoma employee benefit trust, and Hi Fashion Wigs Pension Retirement Plan, another Oklahoma employee benefit trust, seek to recover allegedly usurious interest paid to Hamilton Investment Trust, a Massachusetts real estate investment trust, and to recover the statutory penalties imposed for contracting for, charging and receiving usurious interest on two loan transactions. After the court found Oklahoma law applied to the cause, trial to the court resulted in a "take-nothing" judgment. The Hi Fashion Trusts appeal. We affirm.

Hamilton Trust, a New Jersey lender, agreed to supply construction financing to the Hi Fashion Trusts, two Oklahoma borrowers, for the construction of an office building and an apartment project to be built in Lubbock, Texas. The agreements were negotiated in Oklahoma and New Jersey, and the loans were closed in New Jersey. For the initial period of the loans, a floating interest rate of 5% over the Chase Manhattan Bank prime rate was charged. The agreements were subsequently amended to provide for 12% interest and a percentage of rentals from the properties. Hamilton Trust does not contend that the interest contracted for, charged or paid was at any time less than the maximum permitted under Texas law.

A provision was inserted in each of the significant documents associated with the loans that Oklahoma law was to govern the transactions. The apartment loan promissory note and the office building promissory note provided:

The construction, validity and enforceability of this Note shall be determined under the law of the State of Oklahoma which the Payee and Maker contract and agree shall apply.

The construction loan agreement applicable to the apartment loan provided:

*Governing Law.* This Agreement is being made, executed and delivered at Elizabeth, New Jersey, but shall be deemed made under, and governed by, the internal law of the State of Oklahoma, in all respects, including matters of construction, performance and enforcement. Lender and Borrower stipulate that the principal office of the Borrower is in the State of Oklahoma and all advances by Lender are to be made either in New Jersey or Oklahoma and that the law of the State of Oklahoma can be and has been contracted to be the controlling law. If for any reason the law of Oklahoma cannot be made to apply, the parties stipulate that the law of New Jersey shall then apply.

The construction loan agreement as to the office building loan contained the following:

*Governing Law.* This Agreement is being made, executed and delivered at Elizabeth, New Jersey, but shall be deemed made under, and governed by, the internal law of the State of Oklahoma in all respects, including matters of construction, performance and enforcement. Borrower hereby irrevocably consents to the jurisdiction of any court of record of the State of Oklahoma for the purpose of any action or proceeding brought to secure payment of the principal of or interest or other sums due under the Note or Mortgage being simultaneously executed and delivered pursuant thereto, or to secure or enforce the performance of any of the terms, covenants and conditions of this Agreement, the Note, the Mortgage or any other instrument delivered pursuant thereto, and whether by foreclosure or otherwise. Lender and Borrower stipulate that the Premises are in the State of Texas, that the principal office of the Borrower is in the State of Oklahoma and that the law of the State of Oklahoma can be and has been contracted to be the controlling law.

Provisions substantially similar to the one in the promissory notes were included in the deed of trust, assignment of rents, guaranty of completion, and guaranty of payment associated with the office building loan.

When the parties amended the agreements, the total amount for each loan was

increased by $100,000. As in the original agreement, however, the parties contracted that Oklahoma law should govern.

Disbursements under the agreement were made in Oklahoma City, Oklahoma. Interest statements were mailed to the Hi Fashion Trust office in Oklahoma City. Principal and accrued interest payments were payable and were paid at Hamilton Trust's office in Elizabeth, New Jersey.

It was established that Mike Schuminsky and Malcolm Hall, who represented the Hi Fashion Trusts in the negotiation and execution of the loan agreement, were residents of Oklahoma and experienced borrowers. They were trustees of both the Hi Fashion Trusts. Schuminsky possessed a law degree from the University of Oklahoma, and Hall was an attorney in active practice in Oklahoma. Schuminsky was accompanied to the loan closings by his personal attorney.

The promissory notes executed in connection with the loans provided for no personal liability on behalf of the makers. Before filing this suit, the Hi Fashion Trusts sold the projects and thus are not asserting their usury claim as a defense to any suit by Hamilton Trust but rather as an affirmative claim.

The U.S. Supreme Court considering the validity of forum-selection clauses said in *M/S Bremen v. Zapata Off-Shore Company*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972):

> Forum selection clauses have historically not been favored by American courts, many courts, federal and state, have declined to enforce such clauses on the ground that they were "contrary to public policy," or that their effect was to "oust the jurisdiction" of the court. Although this view apparently still has considerable acceptance, other courts are tending to adopt a more hospitable attitude toward forum-selection clauses. This view . . . is that such clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances. . . .

Texas courts have long recognized that parties to a contract, under certain circumstances, may choose the law applicable to the transaction in which they are engaging. *Dugan v. Lewis*, 79 Tex. 246, 14 S.W. 1024 (1891).

The court in *Securities Investment Company of St. Louis v. Finance Acceptance Corporation*, 474 S.W.2d 261 (Tex.Civ.App. —Houston (1st Dist.) 1971, writ ref'd n. r. e.) said:

> Where the parties to a contract specify in the instrument that it is to be governed by the law of a particular state, that law will apply if it has a reasonable relationship to the contract. *Teas v. Kimball*, 257 F.2d 817 (5th Cir., 1958); 16 Am.Jur.2d, Conflict of Laws, § 41, pp. 64–65.

The rule of *Dugan v. Lewis* has been codified in Texas Business and Commerce Code at § 1.105(a) wherein it states:

> Except as provided hereafter in this section, when a transaction bears a reasonable relation to this state and also to another state or nation the parties may agree that the law either of this state or of such other state or nation shall govern their rights and duties. . . .

Hi Fashion Trusts challenge the application of the Oklahoma law because the State of Oklahoma does not bear a reasonable relationship to the parties involved and the transaction sued upon. The trusts also argue that the choice of law provision in the documents was a subterfuge to avoid application of Texas law. We disagree.

The trial court found "the agreement . . . free from any taint of sham, subterfuge, or coercion, and the State of Oklahoma bears a reasonable relationship to the parties and the transactions. Such findings are supportive of the trial court's conclusion that the laws of Oklahoma should govern the transaction involved in this lawsuit."

The court in *Commercial Union Assurance Company v. Foster*, 379 S.W.2d 320 (Tex.1964) said:

> It is an elemental proposition of law that where there is some evidence of a

substantial and probative character to support the trial court's findings of fact, they are controlling upon this court and will not be disturbed, even though this court might have reached a different conclusion therefrom. See *Calvert v. Union Producing Company*, 154 Tex. 479, 280 S.W.2d 241 (1955); *Woodward v. Ortiz*, 150 Tex. 75, 237 S.W.2d 286 (1951).

See also *Roylex, Inc. v. Avco Community Developers, Inc.*, 559 S.W.2d 833 (Tex.Civ. App.—Houston (14th Dist.) 1977, no writ); *Bass v. McClung Roofing Co., Inc.*, 575 S.W.2d 342 (Tex.Civ.App.—Fort Worth 1978, no writ).

As stated by the court in *Corporate Personnel Consultants v. Wynn Oil Company, Inc.*, 543 S.W.2d 746 (Tex.Civ.App.—Texarkana 1976, no writ) considering a challenge to finding of fact by the court:

> Unless there is no evidence to support the finding or unless the finding is so contrary to the great weight and preponderance of the evidence as to be clearly wrong this court may not set it aside. See *Paul v. Johnson*, 314 S.W.2d 338 (Tex. Civ.App.—Houston 1958, writ dism'd); 4 McDonald's Texas Civil Practice, § 16.05.

We hold there is some evidence of probative force to support the trial court's findings. *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex.1974).

We have considered the entire record and hold such findings are not against the great weight and preponderance of the evidence. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Hi Fashion Trusts' points of error are overruled.

We have considered and overrule all points of error. The judgment is affirmed.