Milton **WALKER**, Appellant,

v.

**ASSOCIATES FINANCIAL SERVICES CORPORATION, Appellee.**

No. 5363.

Court of Civil Appeals of Texas, Eastland.

Oct. 4, 1979.

Rehearing Denied Oct. 25, 1979.

Michael Greenberg, Irving, for appellant.

Larry Z. Sechrist, Dallas, for appellee.

DICKENSON, Justice.

The controlling question is whether an out-of-state lender who loaned $7,500 to a Texas resident is subject to the Texas installment loan statutes [1] and the Texas Deceptive Trade Practices-Consumer Protection Act [2] where the transaction is conducted by mail and where the parties have agreed that the transaction is governed by the laws of the State in which the lender is licensed and regulated. We hold that the contractual provision is valid and that, therefore, the transaction is governed by the law selected by the parties.

Milton Walker borrowed money by mail from Associates Financial Services Corporation, whose only office is located in South Bend, Indiana. The loan was made in Indiana on October 26, 1976. Walker made several payments on the note and then defaulted. The finance company attempted to collect the note by telephone calls and letters. Walker then sued the finance company, alleging violations under the Texas installment loan statutes, supra, seeking twice the amount of interest contracted for, plus attorney fees and interest. Walker also sued under the Texas Deceptive Trade Practices-Consumer Protection Act, supra, seeking three times the amount of interest contracted for, plus attorney fees and interest. Walker sought a class action as to the 569 Texas residents who had borrowed money from this finance company on the same type of note which he had signed. After waiving its special appearance under Tex.R.Civ.P. 120a, the finance company filed its counterclaim against Walker for the balance due on the note plus attorney fees. Both parties moved for summary judgment. Walker's motion was denied, and summary judgment was granted to the finance company for the balance due on the note plus stipulated attorney fees. Walker appeals. We affirm.

Texas courts have long recognized that parties to a contract, under certain circumstances, may choose the law applicable to the transaction in which they are engaging. *Dugan v. Lewis,* 79 Tex. 246, 14 S.W. 1024, 1026 (1891); *Securities Investment Company of St. Louis v. Finance Acceptance Corporation,* 474 S.W.2d 261 (Tex.Civ.App.—Houston (1st Dist.) 1971, writ ref'd n. r., e.); *Hi Fashion Wigs Profit Sharing Trust v. Hamilton Investment Trust,* 579 S.W.2d 300 (Tex.Civ.App.—Eastland 1979, no writ). See also 16 Am.Jur.2d, Conflict of Laws § 46.

This rule has been codified in Tex.Bus. & Com.Code Ann. § 1.105(a) (Supp.1979) which provides that, subject to certain exceptions which do not apply to this case:

> (W)hen a transaction bears a reasonable relation to this state and also to another state or nation the parties may agree that

---

1. Tex.Rev.Civ.Stat.Ann. arts. 5069–4.01 to 4.04 (Vernon 1971). The 1979 amendments do not apply to this lawsuit.

2. Tex.Bus. & Com.Code Ann. § 17.41–17.63 (Supp.1979). The 1979 amendments do not apply to this lawsuit.

the law either of this state or of such other state or nation shall govern their rights and duties. . . .

Walker argues that any finance company which loans money to Texas residents is subject to the Texas laws regulating financial transactions. We disagree. Walker sought this loan from the Indiana finance company. The transaction was conducted by mail. Walker's application was accepted in Indiana, and the loan was made in Indiana. Walker agreed by signing the note that the transaction would be governed by Indiana law. Walker makes no claim of fraud or subterfuge. We hold that this transaction is governed by the law of Indiana. Under Tex.R.Civ.P. 184a, the trial court took judicial notice of the law of Indiana and found that the transaction was lawful under Indiana law.

All of the points of error have been considered. They are overruled.

The judgment of the trial court is affirmed.